BURLING and another, Respondents, vs. VILLAGE OF GREEN LAKE, Appellant.

*October 17—December 4, 1945.*

J. L. *McMonigal* of Berlin, for the appellant.

For the respondents there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner* and *Adolph P. Lehner.*

MARTIN, J.    This is an action to recover of defendant village an alleged excessive and unlawful tax levied and assessed for the year 1943 against certain real estate owned by the plaintiffs and located in defendant village.    The action is brought under sec. 74.73 (1), (2), Stats.

The material facts are not in dispute.    Following the assessment, and on July 12, 1943, the plaintiff L. H. Burling appeared before the board of review of defendant village and under oath protested the assessment of $11,000.    From the protest it appears that on March 6, 1943, plaintiffs purchased the real estate in question for the sum of $5,100, including certain personal property of the value of $600.    The board of review refused to make any change in the assessment "for the reason that all of the lake-shore property in the vicinity of Mr. Burling's cottage is assessed on the same basis."    Thereafter, on or about July 22, 1943, plaintiffs filed a complaint with the Wisconsin department of taxation pursuant to sec. 70.85, Stats., in which, among other things, they alleged:

"(7) That the sum of $4,600 is the reasonable market value of said real estate; that as of May 1, 1943, the assessor of the village of Green Lake assessed the same at $11,000; that the complainants appeared before the board of review of said town and duly protested against said assessment as excessive; but that the board of review affirmed the valuation fixed by the assessor."

Plaintiffs prayed that the Wisconsin tax commission review said assessment and reduce the same to the reasonable value as provided by law, and for such other relief as might be proper, pursuant to ch. 70, Stats.

On October 9, 1943, the Wisconsin department of taxation entered an order wherein it recites:

"Whereas, L. H. Burling has appealed to the Wisconsin department of taxation for a specific revaluation of property as provided by chapter 70.85 of the statutes, and having complied with the requirements of that section;

"Notice is hereby given, that a hearing on said appeal will be held before the Wisconsin department of taxation in the village hall on Monday, October 18, 1943, at 10 a. m. at which time all parties interested in said appeal will be given an opportunity to be heard and the facts investigated."

Pursuant to this order and notice a hearing was held at the time and place designated. The plaintiff L. H. Burling appeared by his attorneys and defendant village by its president and assessor. Following the hearing and on the 29th day of October, 1943, the Wisconsin department of taxation made and entered the following order:

"And, it appearing that the provisions of section 70.85 of the Wisconsin statutes have been complied with and witnesses having been produced and sworn; now, therefore, upon the evidence submitted, the files and records herein, together with a personal examination of the property, and being fully advised in the premises;
"It is ordered, that the assessment as made be and the same hereby is affirmed."

It should be noted that the action taken by plaintiffs subsequent to the hearing before the board of review was pursuant to sec. 70.85, Stats. That section provides:

"Whenever it shall appear to the satisfaction of the department of taxation, on a written complaint filed with the department of taxation within twenty days after the adjournment of the board of review for any taxation district, that the assessment of one or more descriptions or classes of property in such taxation district, the aggregate assessment of which does not exceed ten per cent of the assessment of all property therein, is radically out of proportion to the general average of the assessment of all other property in such district and the same can be satisfactorily corrected without a reassessment of the entire district, the department of taxation may in its discretion revalue such property and equalize the assessment without the intervention of a board of review, at any time before November first, of the year in which such assessment is made. *The valuation so fixed by said department*

*shall be final, unless modified or set aside by a decision of the court on the ground that such reassessment is excessive or irregular,* and shall be substituted for the original valuation in the assessment and tax rolls and taxes computed and paid thereon accordingly. But no assessment shall be raised unless on the written complaint of three or more taxpayers and the party to whom the property is assessed shall have been duly notified of such intention in time to appear and be heard before or file his objections with the department in relation thereto."

The defendant's answer contains a plea in bar to the instant action and alleges that plaintiffs made an election of remedies in appealing from the decision of the local board of review to the Wisconsin department of taxation, and that the findings and decision of the department of taxation are conclusive upon plaintiffs, subject only to the right of plaintiffs to have same reviewed by the court in an action brought for that specific purpose. The plea was well taken and should have been sustained. There can be no doubt as to the meaning of the language of the statute. The valuation fixed by the department of taxation is final unless modified or set aside by a decision of the court on the ground that such reassessment is excessive or irregular. The 1943 assessment of the plaintiffs' property still stands as affirmed by the local board of review and by the department of taxation. Plaintiffs could not jump the fence at that stage in the proceedings and bring the instant action under sec. 74.73 (1), (2), Stats.

The plaintiffs, in their supplemental brief, contend that the findings made by the court below in the instant action amount to setting aside the assessment, and that, if this court deems it necessary, we should treat the proceedings here as amended so as to challenge the action of the Wisconsin department of taxation under sec. 70.85, Stats. Obviously that cannot be done. The judgment must be reversed and the action dismissed.

*By the Court.*—Judgment reversed. Record remanded with directions to dismiss the plaintiffs' complaint, with costs.