PARKES and another, Respondents, vs. CITY OF MILWAUKEE, imp., Appellant.

*December 9, 1911—January 9, 1912.*

*Municipal corporations: Street improvements: Letting work in several contracts: Special assessments: When payable: Premature entry on tax roll: Action to set aside: Equity: Error affecting "groundwork of tax:" Statute construed.*

1. The Milwaukee city charter, providing that the board of public works shall enter into "a contract" for the work of improving a street, does not require the entire work to be let in one contract; and where there are two different kinds of work to be done (as macadamizing and cement work), they may be let to different contractors.

2. Where the original assessment of benefits is made in a single sum for the entire work, there is no apportionment of the benefit and the law contemplates that the work should be fully completed before the assessment goes upon the tax roll and payment becomes compulsory.

3. The issuing of an improvement certificate for the cost of the macadamizing in front of a lot, and the placing of the amount thereof upon the tax roll, before completion of the cement sidewalks and gutters, were, however, mere irregularities which do not affect the substantial justice of the tax and are not ground for setting it aside in equity, there being no suggestion that the remaining work is not let to a responsible contractor or will not be completed.

4. In ch. 295, Laws of 1909 (secs. 1210h—1 to 1210h—4, Stats.),— providing that in any action to set aside any tax "for any error or defect going to the validity of the assessment and affecting the groundwork of such tax" the plaintiff shall pay the amount of the taxes, interest, and charges in dispute as a condition of maintaining the action, etc.,—the words "groundwork of the tax" refer to some serious jurisdictional defect, not mere irregularities in the details of the proceedings after jurisdiction is properly acquired; and accordingly the act does not apply to the case of a mere premature extension of an assessment upon the tax roll.

[5. Whether ch. 295, Laws of 1909, is applicable to special assessments, doubted; whether it is valid, not determined.]

APPEAL from orders of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *One order reversed; the other affirmed.*

This is an action in equity, commenced February 20, 1911, to cancel a special assessment certificate for $341.39, issued by the officers of the defendant city against the plaintiffs' real estate for the macadamizing of a street in front of said real estate. The complaint alleges that the common council determined to macadamize the roadway, construct a cement curb and gutter and a cement sidewalk, and that an assessment was afterwards made against the plaintiffs' property of $375, as benefits for the entire work; that the contract for macadamizing the roadway was let to one firm and the contract for constructing the cement gutter and sidewalk to another firm; that the first named firm did certain macadamizing and grading in front of plaintiffs' property, the amount of which in yards had been certified to by the city engineer, and at the contract price the same amounted to $341.39, for which sum a special assessment certificate had been issued against plaintiffs' property and the same had been placed upon the tax roll of 1910; that the cement curb, gutters, and sidewalks have not been completed and will not be completed before the middle of the year 1911. The plaintiffs' claim is that there can be no valid certificate issued for the macadamizing alone, but that the entire work must be completed before any certificate can be legally issued or carried into the tax roll. A general demurrer to the complaint was overruled. The city also moved to dismiss the complaint, on the ground that ch. 295, Laws of 1909, was applicable to the case, and that the plaintiffs had not paid the assessment within twenty days after the commencement of the action as required by that act. The court denied the motion to dismiss, on the ground that the act named was unconstitutional, and the city appeals from both orders.

For the appellant there was a brief by *Daniel W. Hoan*, city attorney, and *Clifton Williams*, special assistant city attorney, and oral argument by *Mr. Williams*.

For the respondents the cause was submitted on the brief of *Otjen & Otjen*.

WINSLOW, C. J.    The language of the complaint must be construed as meaning that the work of macadamizing the roadway had been completed according to the contract, but that the work of building sidewalks and gutters was not completed at the time the certificate in question was issued.    This being the case, only two questions arise upon the demurrer: (1) Does the law require that the entire work for which the original assessment of benefits was made be let in one contract? and (2) If two contracts be made, each covering a separate part of the whole work, can a certificate be legally issued to one contractor and the amount thereof placed on the tax roll while the work of the other contractor remains unfinished?    As to the first question, while the charter says that the board shall enter into "a contract" for the work, we are not referred to any provision of the city charter which specifically requires the letting of the entire work to one contractor, nor does there seem to be any persuasive reason why it should be so held.    On the contrary, the argument seems the other way.    Where, as here, there are two different kinds of work to be done, namely, macadamizing and construction of cement work, it may very well be that the city could obtain considerably better terms by contracting directly with a contractor in each special line of work for that part of the work which is in his line.    It was directly held in *Wright v. Forrestal,* 65 Wis. 341, 27 N. W. 52, that the charter of *Milwaukee* (the provisions of which at that time were much the same as now) did not direct that such improvements be let by one contract.    We have no difficulty in holding that the first question must be answered in the negative.

As to the second question different considerations apply. The original assessment was made by the board of public works in a single sum for the entire work, and represented the amount which in their judgment would be added to the value of the property by the completion of the entire scheme of improvement.    They determined that the property would be

improved to the amount of $375 by the completed paving, guttering, and sidewalking. They did not determine that it would be benefited in any part. of that sum by the paving alone nor by the sidewalk alone. We think, therefore, that it was contemplated that the entire work should be completed before the assessments went into the tax roll and their payment became compulsory. But these considerations do not necessarily mean that the complaint states a good cause of action in equity.

Under the provisions of the charter no more than $375 could be collected of the plaintiffs in any event, therefore when the sidewalk and gutter were completed the certificate issued to the sidewalk contractor against the plaintiffs' property could not exceed $33.61. If the sidewalk and gutter, therefore, are completed according to the contract, the plaintiffs will simply be required to pay their assessment of $375 for the whole completed work. There is no allegation in the complaint which shows or suggests even the probability that the gutter and sidewalk contract will not be completed in accordance with its terms. It had been let to a contractor whose solvency is not questioned, was in process of completion when the complaint was drawn, and there is no suggestion that there will be any failure in carrying it out.

Under these circumstances the rule that mere irregularities in the proceedings which do not affect the substantial justice of the tax will not be ground for setting it aside must be applied, and when applied renders it plain that the complaint states no cause of action in equity.

As to the motion to dismiss the complaint under the provisions of ch. 295 of the Laws of 1909 (secs. 1210$h$—1 to 1210$h$—4, Stats.), it seems to us very clear that the motion was rightly denied, but not for the right reason. The act provides, in substance, that in any action brought to set aside any tax "for any error or defect going to the validity of the assessment and affecting the groundwork of such tax," the

plaintiff shall within twenty days after the commencement of the action pay to the proper treasurer the amount of the taxes, interest, and charges in dispute as a condition of maintaining said action, and shall be entitled to recover back the excess which he so pays over and above the amount which it is finally adjudged that he should have paid with interest. The act does not apply to this case, because, even conceding that the assessment here was prematurely carried on to the tax roll, it cannot be said that the irregularity affected "the groundwork of the tax." These last named words are quite vague and not easy of accurate definition, but they certainly do not include any such irregularity as is claimed here. They refer to some serious jurisdictional defect, not mere irregularities in the details of the proceedings after jurisdiction is properly acquired. Such being the case, the act has no application here, even if it should be held to cover special assessments, a question concerning which there may be considerable doubt, but which we do not decide. We do not, therefore, reach the question of the constitutionality of the law, and we express no opinion upon it. It seems proper, however, to observe that the trial judge based his conclusion that the law is unconstitutional upon the case of *Philleo v. Hiles,* 42 Wis. 527, and other cases of like character, and that the extreme doctrine of this line of cases has been much modified by the more recent decisions. *Hixon v. Oneida Co.* 82 Wis. 515, 52 N. W. 445.

*By the Court.*—The order overruling the demurrer is reversed, and the order overruling the motion to dismiss is affirmed, and the action is remanded with directions to sustain the demurrer to the complaint; appellant to recover no costs except clerk's fees of the court.