LAYTON, Special Administratrix, Respondent, vs. ROWLAND, Administrator, and others, imp., Appellants.

*December 4, 1928—January 8, 1929.*

536

For the appellants there was a brief by *Hoyt, Bender, McIntyre & Hoyt* of Milwaukee, and oral argument by *Eugene L. McIntyre.*

For the respondent there was a brief by *Kearney, Kearney & Koelbel* of Racine, and oral argument by *Thomas M. Kearney, Jr.*

CROWNHART, J. As to the demurrer to the first cause of action, the case is ruled by *Mesar v. Southern Surety Co., post,* p. 578, 222 N. W. 809, decided herewith, and the order of the trial court must be affirmed.

The second cause of action involves a single question of law, which is decisive of the issue, and that is, whether an action for death by wrongful act, under sec. 331.01, Stats., survives the death of the wrongdoer.

It was admitted on the argument, as the fact is, that *Kranz v. Wis. Trust Co.* 155 Wis. 40, 143 N. W. 1049, holding that the action does not survive, rules this case, and in order to sustain a cause of action such case must be overruled.

The rule there stated is held by the weight of authorities. Besides the cases cited in the *Kranz Case,* see L. R. A. 1916 A, p. 1143m, and *Mellon v. Goodyear,* 277 U. S. 335, 48 Sup. Ct. 541, 72 Lawy. Ed. 906.

Massachusetts holds to the contrary, *Putnam v. Savage,* 244 Mass. 83, 138 N. E. 808; also Illinois, *Devine v. Healy,* 241 Ill. 34, 89 N. E. 251; and New Jersey, *Hackensack Trust Co. v. Vandenberg,* 88 N. J. L. 518, 97 Atl. 148.

The decision in the *Kranz Case, supra,* has been the law of this state for over fifteen years. It was suggested in the opinion in that case that "if a different rule should be desired the legislature can easily provide for it." The legislature has taken no action to that effect. That being so, we do not deem it proper to reconsider the matter.

The distinction between the two causes of action is pointed out in the *Kranz Case, supra,* where it is stated:

"The ground upon which it has been held that an action for wrongful death does not survive the death of the wrongdoer is that it does not accrue until the death of the injured party, and it is then not a devolution of any pre-existing cause of action, but is purely a statutory creation given not for any damage to the person or to the property rights or interests of the beneficiaries, but as a new and independent cause of action unknown to the common law. Hence survival statutes using terms applicable only to common-law actions do not include the action for death by wrongful act."

*By the Court.*—The order of the municipal court is affirmed as to the first cause of action, and reversed as to the second cause of action. No costs to be allowed either party, appellant to pay clerk's fees in this court.