KROM, Respondent, vs. CITY OF ANTIGO, Appellant.

*February 4—March 3, 1936.*

For the appellant there was a brief by *Ray C. Dempsey* of Oshkosh and *Gustav Winter,* city attorney, and oral argument by *Mr. Winter.*

*Chas. H. Avery* of Antigo, for the respondent.

ROSENBERRY, C. J. All parties concede that the action of the board of review in increasing the assessment made by the assessor upon the improvements from $20,000 to $25,000 was void, and that the plaintiff is entitled to recover the amount levied on account of such increase of $5,000. Upon the findings the court adjudged:

"That the assessment in question so far as the excess of $7,500 is involved, together with the tax based thereon, amounting to $307.50, are illegal, arbitrary, excessive, discriminatory, and unjust; and that the plaintiff should recover such unlawful portion with interest thereon at six per cent per annum from date of payment, from the defendant."

One of the questions presented by this record is, Is a finding by the trial court that the assessed valuation as fixed by the assessor is $2,500 more "than the full value which could be obtained for the premises in question at private sale in the year 1930" sufficient to support the conclusion of the trial court that as a matter of law the assessment was illegal, arbitrary, excessive, discriminatory, and unjust?

Section 74.73 (2), Stats., under which this action is brought, provides:

"No claim shall be allowed and no action shall be maintained under the provisions of this section unless it shall appear that the plaintiff has paid more than his equitable share of such taxes."

This language was introduced into the statutes by ch. 341, Laws of 1885. This enactment did no more than put into statutory form the decision of this court in *Fifield v. Marinette County,* 62 Wis. 532, 22 N. W. 705, which held that a complaint which does not allege in direct terms the injustice and inequality of the tax, and further allege a state of facts which, if proved on the trial, would establish the truth of the general allegation of its injustice, did not state a cause of action for equitable relief.

In *Hixon v. Oneida County* (1892), 82 Wis. 515, 532, 52 N. W. 445, it is said:

"The evidence on the subject of undervaluation of real estate is confined wholly to about eighteen lots in the village of Eagle River, and consists of the testimony of two business men of that place. The fact that in relation to the value of those lots they differed very considerably from the judgment of the assessor and board of review is not sufficient to impeach the integrity of the assessment, or to show meditated or intentional wrong, and is not inconsistent with the finding of the court, after hearing the witnesses testify, in favor of the *bona fides* of the assessment; and the same observations hold good in relation to alleged undervaluation of personal property. The evidence wholly fails to show that the assessment as an entirety, the plaintiffs' property included, was unfair or inequitable so far as they are concerned, or that there was any intentional undervaluation of property, or any illegal or improper classification of property for the purposes of assessment."

In *Day v. Pelican*, 94 Wis. 503, 69 N. W. 368, speaking of this provision of the statutes, the court said:

"The statute applies the rule in equity in respect to relief on account of illegality in the assessment and collection of taxes, denying all relief unless it is made to appear that the tax proceedings are not only illegal and void, but that they are inequitable. The statute, as applied to the present case, operates, we think, to prevent a recovery by the plaintiffs of the amount extended on the illegal additions to their assessment, for personal property not listed by them, upon which, when fairly assessed, they should have been taxed in a like amount, or which would reduce their recovery to such sum as is in excess of their equitable share of the taxes of the town for that year. . . . . A court of equity will not interfere to declare a tax invalid and restrain its collection, unless the objections to the proceedings go to the very groundwork of the tax, and necessarily affect materially its principle, and show that it must be unjust and unequal; that it is not enough to show that the tax proceedings are irregular or void, but it must also appear that they are inequitable."

See also *Wells v. Western Paving & Supply Co.* 96 Wis. 116, 70 N. W. 1071.

The court nowhere finds as a fact that the defendant city through its taxing authorities adopted any illegal scheme, or had any unwarrantable or ulterior purpose in assessing the improvements upon plaintiff's premises at the sum of $20,000. The most that appears from the findings of the trial court is that there is a difference of opinion as to the value of the property. If a taxpayer can attack the validity of a tax levied upon his real property upon the ground that it is overvalued by the assessor, and upon that basis recover the excess, every assessment of real estate would be open to attack, and the tax would never be valid unless the valuation fixed by the assessor was as low or lower than that fixed by the reviewing court. As was said in the cases already cited, the equitable principle that there can be no recovery of a tax paid unless it be shown that it is inequitable—that is, that the taxpayer is required to pay more than his just and fair share of taxes—applies, and unless facts are established which show that the tax is unjust and unfair, there can be no recovery. A difference of opinion, amounting to twelve and one-half per cent of the value fixed by the assessor, does not within the rule of the cases cited warrant the court in saying that plaintiff is called upon to pay more than his just share of the tax. The judgment in this case should have been for the amount which the plaintiff paid by reason of the increase in valuation made by the board of review, amounting to $5,000.

We do not find it necessary to determine whether or not the evidence offered upon the trial supports the findings of the trial court as to value. Assuming that it does, that of itself under the facts of this case does not entitle the plaintiff to recover. That alone is not sufficient to establish a defect or irregularity which goes "to the very groundwork

of the tax, and necessarily affect materially its principle, and shows that it must be unjust and unequal." *Day v. Pelican, supra.* A thing which goes to the "groundwork of the tax" is something more than an irregularity. It refers to some "serious jurisdictional defect." *Parkes v. Milwaukee,* 148 Wis. 84, 134 N. W. 152.

Judgment should have been entered for the difference between the amount paid and the amount due, computed on a base fixing the assessed valuation of the improvements at $20,000.

*By the Court.*—The judgment is reversed, with directions to enter judgment as indicated in this opinion.