HIGHLANDER COMPANY, Appellant, vs. CITY OF DODGE-VILLE, Respondent.*

*October 25—November 26, 1946.*

* Motion for rehearing denied, with $25 costs, on January 22, 1947.

The cause was submitted for the appellant on the brief of *Boardman, Jones & Hamilton* of Dodgeville, and for the respondent on the brief of *Charlton H. James*.

WICKHEM, J.  Two actions are involved on this appeal, but with one exception the same contentions are applicable to each action.  One action relates to the taxes of 1944 and

the other to those of 1945. The complaint alleges that on May 1, 1944, the Federal Deposit Insurance Corporation owned certain described real estate in the city of Dodgeville, and that on that date the real estate was assessed for taxation in the sum of $56,500, whereas its value at private sale was not over $19,500.

It is further alleged that "on the 22d day of August, 1944, the plaintiff, the Highlander Company, purchased the above-described real estate from the Federal Deposit Insurance Corporation for the sum of $19,500; that said sale was made pursuant to a public sale held before the United States district court for the Western district of Wisconsin at Madison, Wisconsin, on the 22d day of August, 1944; that conveyance, pursuant to said order of the court and public sale, was made to the plaintiff on the 28th day of August, 1944, and since said time the plaintiff has been the owner of the title in fee simple of said premises."

It is alleged that an appearance was made before the board of review and a full disclosure concerning the value of the property made, but that the board disregarded the evidence and confirmed the assessment; that the tax was levied on this assessment and paid by defendant; that on May 1, 1945, plaintiff filed its claim for refund with the city clerk; that on May 1, 1945, this claim was wholly disallowed.

The second complaint is identical with the first, except that it appears that the real estate was assessed in 1945 at the sum of $47,500. Demand is made in the first complaint for the sum of $1,024.28 and in the second complaint for $824.04, alleged to constitute the taxes based upon the excessive assessment.

Sec. 74.73 (1), Stats., which is the subsection under which this proceeding is brought, provides as follows:

"(1) Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim there-

for against the town, city, or village, whether incorporated under general law or special charter, which collected such tax in the manner prescribed by law for filing claims in other cases, and if it shall appear that the tax for which such claim was filed or any part thereof is unlawful and that all conditions prescribed by law for the recovery of illegal taxes have been complied with, the proper town board, village board, or common council of any city, whether incorporated under general law or special charter, may allow and the proper town, city, or village treasurer shall pay such person the amount of such claim found to be illegal and excessive. If any town, city, or village shall fail or refuse to allow such claim, the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected of him. Every such claim shall be filed; and every action to recover any money so paid shall be brought within one year after such payment and not thereafter."

Sub. (2) of the same section provides in part:

"(2) . . . No action shall be maintained under the provisions of this section unless it shall appear that the plaintiff has paid more than his equitable share of such taxes."

Plaintiff contends that its complaint states a cause of action under sec. 74.73, Stats., to recover taxes unlawfully assessed. Defendant contends that plaintiff's complaint merely alleges an excessive assessment, and that sec. 74.73 has no application whatever to excessive assessments; that it relates to matters going to the groundwork of the tax and constituting serious jurisdictional defects. Other contentions are made by both defendant and plaintiff, but since a resolution of the foregoing issue largely decides this case, we shall immediately address ourselves to this issue.

In *Krom v. Antigo*, 220 Wis. 542, 546, 265 N. W. 716, this court declined a recovery under sec. 74.73, Stats., and said:

' I. a taxpayer can attack the validity of a tax levied upon his real property upon the ground that it is overvalued by the assessor, and upon that basis recover the excess, every assess-

ment of real estate would be open to attack, and the tax would never be valid unless the valuation fixed by the assessor was as low or lower than that fixed by the reviewing court."

It was further stated that unless facts are established which show that the tax is unjust and unfair as applied to the taxpayer seeking recovery, there can be no recovery.

Upon the basis of this, plaintiff claims that a taxpayer may attack the validity of a tax imposed upon his real property because it is overvalued by the assessor, provided he can also show that the tax is inequitable as applied to him, and that he is required to pay more than his just and fair share of the taxes. It is contended that while the complaint makes no specific allegation of the inequity of plaintiff's burden, it does state that property, the proper value of which was $19,500 was assessed at $55,500, and that liberally construed that amounts to a statement that plaintiff's assessment is out of line with other assessments in the same town and imposes upon it an unfair and inequitable burden. We shall discuss this contention in a later portion of the opinion.

Defendant relies upon statements in the *Krom Case, supra,* intimating that before sec. 74.73, Stats., can be invoked a defect going to the groundwork of the tax must be disclosed and not a mere irregularity, citing *Day v. Pelican,* 94 Wis. 503, 69 N. W. 368, and that the words "groundwork of the tax" refer to "some serious jurisdictional defect," *Parkes v. Milwaukee,* 148 Wis. 84, 134 N. W. 152. All that was intended to be held in the *Krom Case, supra,* was that mere overvaluation, without showing that the valuation imposed an inequitable burden upon the taxpayer, is not enough on which to base an action under sec. 74.73. The opinion, and those in the *Pelican* and *Parkes Cases,* give some color to defendant's contention by intimating that only such irregularities as amount to serious jurisdictional defects can be considered to go to the groundwork of the tax. This somewhat overstates the rule, and requires some explanation. In the *Pelican Case,*

the term "groundwork of the tax" was used in respect of a defect or irregularity that *necessarily affects the principle of the tax and shows that it must be unjust and unequal.*

Sec. 70.32, Stats., requires that all property be assessed at "the full value which could ordinarily be obtained therefor at private sale." An assessment on any other basis is illegal, and if the assessment arbitrarily puts an assessment on a taxpayer's property that is not merely a violation of sec. 70.32 but so substantially out of line with other assessments as to impose an inequitable tax burden, he may invoke sec. 74.73 to recover any excess paid by him. Such a situation is that described in *Day v. Pelican, supra,* as an irregularity that necessarily affects the principle of the tax and shows that it must be unjust and unequal. In *Wisconsin Real Estate Co. v. Milwaukee,* 151 Wis. 198, 205, 138 N. W. 642, the court made the following statement relative to the term "affecting the groundwork of such tax," and while the case had to do with statutes regulating the sale of land for taxes, what is said there is applicable here:

"It will be noted that the law requiring a deposit to be made is limited to an action to set aside a tax for any *error or defect* going to the validity of the assessment or affecting the groundwork of such tax. This relates to an error or defect in the proceedings which affects the groundwork of the tax, and it excludes a case where there is no jurisdiction to act, either because the council has no power to impose the tax or because the lands sought to be affected lie outside of the taxing district or are exempt."

In other words, when we speak of the term "irregularity affecting the groundwork of the tax" we do not mean a defect serious enough to deprive the taxing authorities of jurisdiction, such as for example, the nonliability of the land for taxes. We mean illegality or irregularity that results in an inequitable burden. We do not mean to hold that sec. 74.73, Stats., might not apply to cases where the land was exempt and there

was no jurisdiction to levy the tax. We do not decide that question, but we call attention to *Trustees of Clinton Lodge v. Rock County*, 224 Wis. 168, 272 N. W. 5, where it was held that sec. 75.62, requiring as a condition of maintaining an action to set aside a tax certificate the payment to the taxing officers of the amount of taxes, interest, and charges, did not apply where the property was exempt from taxation and the officers had no jurisdiction. So here, if the illegality complained of is a complete lack of jurisdiction to levy the tax, and if, as we have no occasion to decide, sec. 74.73 authorizes an action, it would appear to follow that sub. (2), calling for a showing that the tax imposes an inequitable burden, cannot be applied. But, we conclude that where an arbitrary and substantially excessive assessment does impose an inequitable burden the very situation contemplated by sec. 74.73 is present.

In three recent cases this court entertained actions under sec. 74.73, Stats., on the merits and in each denied relief to the taxpayer. These are *Worthington Pump & M. Corp. v. Cudahy*, 205 Wis. 227, 237 N. W. 140; *Rahr Malting Co. v. Manitowoc*, 225 Wis. 401, 274 N. W. 291; *Wisconsin Malting Co. v. Manitowoc*, 225 Wis. 393, 274 N. W. 288. In none of them was the point under discussion raised or mentioned. In none of them could it affirmatively appear that the assessment complained of put an inequitable burden upon the taxpayer, because the correctness of each assessment was sustained. Since the point was not raised, and since relief was denied, the cases furnish no authority useful upon the appeal.

In *Schlitz Realty Co. v. Milwaukee*, 211 Wis. 62, 247 N. W. 459, where the action was in equity to enjoin collection of a tax because of overassessment, this court denied equitable relief on the ground that an adequate remedy at law existed, namely, an action under sec. 74.73, Stats. In the *Schlitz Case* the briefs assumed that sec. 74.73 was applicable, and plaintiff asserted merely that it was not an adequate or a fair substi-

tute for equitable intervention. The distinction which we are presently discussing was not brought to the attention of the court or any determination made upon it. We hold that a mere violation of sec. 70.32 in making an assessment constitutes an illegal and unlawful assessment, but that this does not create a cause of action in the taxpayer under sec. 74.73, unless the assessment is so out of line with the valuation of other property in the same locality as to impose an inequitable burden upon the taxpayer. The mere allegation that the price at which the property was purchased at a judicial sale was $19,500, and that the assessments were respectively $56,500 and $47,500, is not enough to charge that the property was so assessed as to put an inequitable burden of taxation upon plaintiff. We cannot infer from a disparity between the assessment and the price paid at a forced or judicial sale that there was such a disparity between the assessment and the sum for which the premises could be sold at a normal private sale as to cast an inequitable tax burden upon plaintiff. For this reason, the general demurrer was properly sustained.

We see no merit in defendant's contention that since plaintiff's purchase of the property somewhat postdated the assessment, it is somehow disqualified to object to the assessment of 1944. Neither do we see merit to defendant's contention that plaintiff is foreclosed by his appearance before the board of review under the doctrine of *Burling v. Green Lake,* 248 Wis. 103, 20 N. W. (2d) 717. In that case a taxpayer appealed from a ruling of the board of review to the tax commission under the provisions of sec. 70.85, Stats., and upon getting an adverse ruling from the tax commission, abandoned these proceedings and resorted to sec. 74.73. This court held, as heretofore indicated in the opinion, that the taxpayer could not so shift his ground. The case is inapplicable here as the mere appearance of plaintiff before the board of review would not commit plaintiff to a proceeding by appeal to the tax commission.

510

For the foregoing reasons we conclude that the trial court properly entered orders sustaining defendant's demurrer and the judgments entered upon such order must be affirmed.

*By the Court.*—Judgments affirmed.