BARKER LUMBER COMPANY, Respondent, vs. VILLAGE OF
GENOA CITY, Appellant.

*September 12—October 9, 1956.*

For the appellant there were briefs by *Ruzicka & Fulton* of Burlington, and oral argument by *Robert M. Fulton.*

For the respondent there was a brief by *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Francis J. Korf.*

MARTIN, J. It is alleged in the complaint that the plaintiff operates a lumberyard in the defendant village. The return made by plaintiff of personal property owned by it and subject to tax showed $49,660 as the value of its personal property on hand May 1, 1954. The assessor accepted the return, assessed said property at 100 per cent of true value and levied a tax on that basis in amount of $2,172.77 which plaintiff paid under protest on January 17, 1955. The Wisconsin department of taxation determined the ratio of assessed value to real value or statutory value of real estate in the village to be 58.02 per cent for 1953.

Within one year after payment of the tax plaintiff filed with defendant village a claim for excessive tax in the amount of $912.13, which claim was rejected, and on December 27, 1955, commenced this action pursuant to the provisions of sec. 74.73 (1), Stats., which reads:

"Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim therefor against the town, city, or village, whether incorporated under general law or special charter, which collected such tax in the manner prescribed by law for filing claims in other cases, and if it shall appear that the tax for which such claim was filed or any part thereof is unlawful and that all conditions prescribed by law for the recovery of illegal taxes have been complied with, the proper town board, village board, or common council of any city, whether incorporated under general law or special charter, may allow and the proper town, city, or village treasurer shall pay such person the amount of such claim found to be illegal and excessive. If any town, city, or village shall fail or refuse to allow such claim, the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected of him. Every such claim shall be filed; and every action to

recover any money so paid shall be brought within one year after such payment and not thereafter."

Sec. 74.73 (4), Stats. 1953, provided:

"No claim shall be filed and no action shall be brought under this section which is based upon an allegedly excessive assessment. The amount of an assessment shall be reviewed by appeal from the determination of the board of review in the manner prescribed by s. 70.47 (9a), s. 70.47 (13), or s. 70.85."

This subsection was repealed and re-created by ch. 440, Laws of 1955, published July 26, 1955, to read as follows:

"No claim shall be filed and no action shall be brought under this section which is based upon an allegedly excessive assessment except that in counties with a population of under 500,000 a claim may be filed and an action may be brought if the tax is paid on the contested assessment by January 10 of the year following the year of the assessment and a claim filed within ten days thereafter and suit commenced within thirty days following the denial of the claim or within ninety days after the claim is filed if the municipalities fail to act on the claim."

The question is whether plaintiff has stated facts sufficient to constitute a cause of action under sec. 74.73 (1), Stats.

Defendant contends that plaintiff's claim is based upon an excessive assessment and, therefore, it is barred from commencing this action. The argument is that if sec. 74.73 (4), Stats. 1953, governs plaintiff's rights, the prohibition of that subsection applies against bringing an action based on the excessive assessment; or, if sec. 74.73 (4), Stats. 1955, governs, plaintiff has failed to comply with the requisite steps to come within it.

It is our opinion that the rule stated in *Highlander Co. v. Dodgeville* (1946), 249 Wis. 502, 509, 25 N. W. (2d) 76, controls. In that case an action was brought under sec. 74.73, Stats., for the recovery of taxes levied upon an alleged ex-

cessive valuation of real estate under sec. 70.32. The court held:

"We hold that a mere violation of sec. 70.32 in making an assessment constitutes an illegal and unlawful assessment, but that this does not create a cause of action in the taxpayer under sec. 74.73, unless the assessment is so out of line with the valuation of other property in the same locality as to impose an inequitable burden upon the taxpayer."

Where the excessive assessment is shown to impose an inequitable burden, "the very situation contemplated by sec. 74.73 is present." See also *Yawkey-Bissell Corp. v. Langlade* (1952), 261 Wis. 524, 527, 53 N. W. (2d) 174.

While the issue here involves the unlawful rate applied to the value by the assessor rather than the valuation of the property itself, we may say that the 100 per cent rate used is "so out of line" with the 58.02 per cent rate set by the department of taxation and used in assessing the tax on other property in the village, as to impose an inequitable burden upon the taxpayer as a matter of law, and gives rise to "the very situation contemplated by sec. 74.73."

Defendant argues that sec. 74.73 (4), Stats. 1953, specifically provided an exclusive remedy for the plaintiff—application to the board of review and appeal from its determination. We cannot agree. The question before us is whether, under the facts stated in the complaint, the plaintiff can bring his action under sec. 74.73 (1) providing for actions based on the "levy and collection of any unlawful tax."

In the *Highlander Co. Case, supra* (p. 507), Mr. Justice WICKHEM, referring to statements in *Krom v. Antigo* (1936), 220 Wis. 542, 265 N. W. 716, *Day v. Pelican* (1896), 94 Wis. 503, 69 N. W. 368, and *Parkes v. Milwaukee* (1912), 148 Wis. 84, 134 N. W. 152, that there must be some defect going to the groundwork of the tax, "some serious jurisdictional defect," before sec. 74.73, Stats., can be invoked—defined the term "groundwork of the tax"

as meaning "a defect or irregularity that necessarily affects the principle of the tax and shows that it must be unjust and unequal . . . illegality or irregularity that results in an inequitable burden."

The irregularity here is the application of an illegal rate so at variance with the legal rate used in computing the tax of other property owners in the village as to go to the groundwork of the tax and result in an inequitable burden. Here is no mere error in judgment, but an arbitrary act of the assessor contrary to law.

"An erroneous assessment is one which the assessor has jurisdiction to assess, but errs in his judgment [Note 5: Overvaluation is the most frequent example]; an illegal assessment is one in which the assessor acts without authority in law, or, in other words, without jurisdiction." 84 C. J. S., Taxation, p. 749, sec. 391.

Defendant points out that the *Highlander Co. Case* was decided before sec. 74.73 (4), Stats. 1953, became law. We cannot see how the subsection altered or overcame the effect of that case. In neither the enactment of that subsection nor its repeal and re-creation in 1955 did the legislature repeal or alter the provisions of sec. 74.73 (1); in neither of those enactments did it use language indicating an intention to take away from an aggrieved taxpayer his right of action under sec. 74.73 (1) to recover an unlawful tax exacted from him by such an arbitrary act of the assessor as resulted in the imposition of an inequitable burden.

Our view of the question, as set forth above, makes it unnecessary to discuss other questions raised on the appeal.

*By the Court.*—Order affirmed.

CURRIE, J., dissents.