PELICAN AMUSEMENT COMPANY, INC., Respondent, v. TOWN OF PELICAN, Appellant.

*April 7—May 2, 1961.*

588

For the appellant there was a brief by *Earl A. Korth* of Rhinelander, and *Roberts, Boardman, Suhr, Bjork & Curry* of Madison, attorneys, and *Earl A. Korth, Jr.*, of Rhinelander, and *Richard L. Olson* of Madison, of counsel, and oral argument by *Mr. Olson* and *Mr. Earl A. Korth, Jr.*

For the respondent there was a brief by *Schmitt, Wurster & Tinglum* of Merrill, and oral argument by *Leonard F. Schmitt.*

DIETERICH, J.    Pelican Amusement Company, a Wisconsin corporation, during the year 1958, operated an outdoor drive-in theater in the town of Pelican in Oneida county.

Prior to May 1, 1958, the town assessor assessed the real estate, with improvements, at $22,845. The assessor arrived at the land value by taking the book value of the land at $5,000, adding the book value of improvements to the land, such as ramping and bulldozing, at $5,000, and adding $2,500 for gravel-cost savings. This is a total of $12,500. He then took 40 per cent of the total and arrived at an assessment of $5,000 for the taxpayer's land. The improvements upon the land were valued at $45,000. This figure was reached by the assessor by taking the taxpayer's own

figure of $48,728 and reducing it by nine per cent to account for economic conditions. Applying the 40 per cent ratio he arrived at an assessment of $17,845. This makes a total valuation of the real estate at $22,845, and resulted in a tax of $1,134.03, based on a mill rate of 49.62.

The plaintiff paid the amount of $1,134.03 on January 5, 1959, and filed a claim for a refund of $561.98 on January 12, 1959. The claim was disallowed by the defendant on March 3, 1959.

The instant action was commenced on March 5, 1959, under sec. 74.73, Stats., and was tried on the theory that the assessor had overassessed the real estate and personal property of the plaintiff.

The testimony of the plaintiff's expert appraisers reflects that they fixed the fair market value at $14,750. In so doing they considered it to be special-purpose property. There were no sales or listings of similar properties. The amount of insurance carried was $10,400. The listings of the outdoor theater at $25,000 had no takers.

The only issue in this case is whether the plaintiff taxpayer was required to comply with sec. 70.47 (7) (a), Stats., and appear before the board of review respecting his objections to valuation as a condition precedent to his commencing the instant action under sec. 74.73.

Sec. 70.47 (7) (a), Stats. 1957,[1] was created by ch. 101, Laws of 1949, and published May 16, 1949. This section

---

[1] Sec. 70.47. "BOARD OF REVIEW PROCEEDINGS. (7) *Objections to valuations.* (a) Objections to the amount or valuation of property shall first be made in writing and filed with the clerk of the board of review prior to adjournment of public hearings by the board. . . . No person shall be allowed in any action or proceedings to question the amount or valuation of property unless such written objection has been filed and such person in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath of all of his property liable to assessment in such district and the value thereof. . . ."

requires that a taxpayer challenging the amount or valuation of his property in an action to recover an alleged excessive tax is required as a condition precedent to file written objections with the clerk of the board of review, and then to appear and present evidence and make a full disclosure under oath before such board of review of all his property liable to assessment and the value thereof. The board may waive the written-objection requirement. The record establishes that the plaintiff-respondent did not comply with the provisions of sec. 70.47 (7) (a).

Sec. 74.73 (1), Stats. 1957,[2] permits the filing of a claim and an action for the recovery of illegal taxes paid, provided that all conditions prescribed by law for the recovery of illegal taxes have been complied with.

Sec. 74.73 (2), Stats. 1957,[3] provides that recovery upon a claim and action can only be had if the plaintiff can prove that he has paid more than his equitable share of the taxes.

[2] Sec. 74.73 (1). "Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim therefor against the town, city, or village, whether incorporated under general law or special charter, which collected such tax in the manner prescribed by law for filing claims in other cases, and if it shall appear that the tax for which such claim was filed or any part thereof is unlawful and that *all conditions prescribed by law for the recovery of illegal taxes have been complied with,* the proper town board, village board, or common council of any city, whether incorporated under general law or special charter, may allow and the proper town, city, or village treasurer shall pay such person the amount of such claim found to be illegal and excessive. If any town, city, or village shall fail or refuse to allow such claim, the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected of him. Every such claim shall be filed; and every action to recover any money so paid shall be brought within one year after such payment and not thereafter." (Emphasis supplied.)

[3] Sec. 74.73 (2). ". . . no claim shall be allowed and no action shall be maintained under the provisions of this section unless it shall appear that the plaintiff has paid more than his equitable share of such taxes."

Sec. 74.73 (4), Stats. 1957,[4] provides that in counties with a population under 500,000 a claim for excessive assessment may be filed and an action may be brought if the tax is paid on the contested assessment.

The trial court held because the assessment complained of was "so out of line with the valuation of other property in the same locality as to impose an inequitable burden upon the taxpayer," the tax was illegal, and the action could be properly maintained under sec. 74.73, Stats. The crux of the taxpayer's disagreement is with the assessor's determination of the market value of the real property and improvements. Sec. 70.47 (7) (a) requires written objections be filed with the board of review to the amount or valuation of property and if no objections are filed, and there is no compliance with other provisions of this section, the taxpayer may not in any action question the amount of valuation. The purpose of this section is to provide an expeditious assessment procedure for correcting errors of judgment by the assessor. The section was repealed and re-created by ch. 101, Laws of 1949, and was substantially in the same form as old sec. 70.47 (6), excepting that the former section applied only to personal property. Sec. 70.47 (6) has been held to be mandatory. *Herzfeld-Phillipson Co. v. Milwaukee* (1922), 177 Wis. 431, 189 N. W. 661, and *Amnicon v. Kimmes* (1946), 249 Wis. 321, 24 N. W. (2d) 592. Sec. 74.73 provides a remedy for the recovery of illegal taxes.

---

[4] Sec. 74.73 (4). "No claim shall be filed and no action shall be brought under this section which is based upon an allegedly excessive assessment except that in counties with a population of under 500,000 a claim may be filed and an action may be brought if the tax is paid on the contested assessment by January 10th of the year following the year of the assessment and a claim filed within ten days thereafter and suit commenced within thirty days following the denial of the claim or within ninety days after the claim is filed if the municipalities fail to act on the claim."

These two sections have different purposes and are not necessarily inconsistent, but in any event must be construed together. As stated in *State ex rel. Mattek v. Nimtz* (1931), 204 Wis. 311, 314, 236 N. W. 125, "In construing several sections of the statutes relating to a single subject it is the duty of the court to give force and effect to the different sections and not ignore any of them." In *Brunette v. Bierke* (1955), 271 Wis. 190, 196, 72 N. W. (2d) 702, we state, "In interpreting these statutes we must, if it is possible to do so, harmonize and reconcile them."

The difficulty in this case arises from prior decisions of this court holding that an overassessment which was so far out of line with the valuation of other property in the same locality as to impose an unequal burden upon the taxpayer is an illegal tax. This is true for the purpose of commencing an action under sec. 74.73, Stats., but where such illegality of the tax is based on the amount or value of the property, or on an excessive assessment so that a suit may be brought under sec. 74.73 (4), it is still necessary that the administrative method of proceeding before the board of review be complied with as a condition precedent to the bringing of the suit. Prior to 1955, sec. 74.73 (4) required an allegedly excessive assessment to be reviewed by an appeal from the determination of the board of review by a writ of certiorari to the circuit court. By ch. 440, Laws of 1955, the provision that required an appeal from the determination of the board of review was eliminated. It did not follow, however, as stated by the trial court, that the taxpayer was not required to comply with sec. 70.47 (7) (a) in such cases. To so hold would emasculate that section and seriously interfere with the orderly method of correcting assessments based on the amount and valuation of property.

We do not consider *Barker Lumber Co. v. Genoa City* (1956), 273 Wis. 466, 78 N. W. (2d) 893, or *High-*

*lander Co. v. Dodgeville* (1946), 249 Wis. 502, 25 N. W. (2d) 76, in conflict with this interpretation. The *Barker Case* involved an illegal tax not based upon an excessive valuation, and while the *Highlander Case* was for the recovery of taxes levied upon an allegedly excessive value of real estate, the question of compliance with sec. 70.47 (7) (a), Stats., was not in issue and as a matter of fact, such section was complied with and the taxpayer had sought a hearing before the board of review.

We hold that in cases of illegal taxes based upon sec. 74.73 (4), Stats., involving an allegedly excessive assessment, that such assessment must first come before the board of review as provided in sec. 70.47 (7) (a). The language "contested assessment" found in sec. 74.73 (4) refers to the assessment contested before the board of review.

In cases of illegal taxes not involving the amount or valuation of the property or excessive assessment, it is not necessary to comply with sec. 70.47 (7) (a), Stats., because such section is inapplicable and is restricted to questions of amount and valuation of property. However, a taxpayer claiming an excessive assessment because of the amount or valuation of property, and properly presenting his case to the board of review, has an election to appeal from the board's determination by certiorari under sec. 70.47 (9a), or to commence an action under the provisions of sec. 74.73.

*By the Court.*—Judgment reversed, with instructions to dismiss the complaint.