BISCHOFF, and another, Plaintiffs-Appellants, v. CITY OF APPLETON, Defendant-Respondent.

*No. 75–510. Submitted on briefs November 2, 1977.—
Decided January 3, 1978.*
(Also reported in 260 N.W.2d 773.)

For the appellants the cause was submitted on the brief of *Gregory Gramling, Jr.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *David G. Geenen,* city attorney.

ROBERT W. HANSEN, J.   Two sections of the same statute, sec. 74.73, entitled *Recovery of illegal taxes plus interest; limitation,* are involved in this appeal.

The defendant city claims and the trial court agreed that this cause of action is statutorily barred under sec. 74.73 (4), Stats., which provides that:

"No claim shall be filed and *no action shall be brought under this section which is based upon an allegedly excessive assessment* except that in counties with a population of under 500,000 a claim may be filed and an action may be brought if the tax is paid on the contested assessment by January 10 of the year following the year of the assessment and a claim filed within 10 days thereafter and suit commenced within 30 days following the denial of the claim or within 90 days after the claim is filed if the municipalities fail to act on the claim." [Emphasis supplied.]

If this subsection provides the only avenue for challenge open to these plaintiffs, it follows, as the trial court held, that the latest date their action could have been commenced was May 4, 1974. Since it was brought on September 30, 1974, it would be untimely under this subsection of the statute. Additionally, the plaintiffs filed their claim seventeen days after payment of the tax. This filing was also too late under sub. (4), which requires that the claim be filed within ten days of payment of the tax.

However, the plaintiffs claim they are entitled to bring this action under sec. 74.73(1), Stats., which provides:

*"Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim* therefor against the town, city or village which collected such tax in the manner prescribed by law for filing claims in other cases. *If it appears* that *the tax* for which such claim was filed or any part thereof *is unlawful* and that all conditions prescribed by law for the recovery of illegal taxes have been complied with, the town board, village board or *common council may allow* and *the* town, *city* or village *treasurer shall pay* such person *the amount of the claim found to be illegal and excessive. If* any town, *city* or village fails or *refuses to allow the claim, the claimant may* have and *maintain an action* against the same for the recovery of all money so unlawfully levied and collected, together with interest at the legal rate computed from the date of filing the claim. Every such claim shall be filed, and every action to recover any money so paid shall be *brought, within one year after such payment."* [Emphasis supplied.]

If this action by these plaintiffs is one to recover the payment of an "unlawful tax," then it is not barred by the filing requirements of sec. 74.73(1). However, the city contends and the trial court agreed that in effect sub. (4) operates to limit sub. (1) so that sub. (1) does not apply to a claim that a tax or an assessment is "excessive in amount," even where such excessiveness derives from an alleged illegality of the assessment.

If this issue of statutory construction were before us for the first time, there are those joining this opinion who see substance in the argument that the specific provisions of sub. (4) limit the more general provisions of sub. (1). However, a different construction has been given to the impact of sub. (4) upon sub. (1), and where a statute has been construed by this court, changes

in the application of the statute are to be made by the legislature, not by a subsequent court in a later case.[1]

The construction of subs. (1) and (4) urged by the city was expressly rejected by this court in the case of *Barker Lumber Co. v. Genoa City.*[2] There the plaintiff lumberyard operator had his personal property assessed at 100 percent of true value while the rest of the village real estate was assessed at 58.02 percent of true value. The plaintiff filed a claim with the village for a refund within the one-year limitation period of sub. (1), and the defendant village argued that the claim was controlled by sub. (4) because it was based on an allegedly excessive assessment. Rejecting this contention, our court held:

"Defendant argues that sec. 74.73(4), Stats. 1953, specifically provided an exclusive remedy for the plaintiff—application to the board of review and appeal from its determination. We cannot agree. The question before us is whether, under the facts stated in the complaint, the plaintiff can bring his action under sec. 74.73(1) providing for actions based on the 'levy and collection of any unlawful tax.'

". . .

"In neither the enactment of that subsection [sec. 74.73(4), Stats. 1953] nor its repeal and re-creation in 1955 did the legislature repeal or alter the provisions of sec. 74.73(1); in neither of those enactments did it use language indicating an intention to take away from an aggrieved taxpayer his right of action under sec. 74.73(1) to recover an unlawful tax exacted from him by such an arbitrary act of the assessor as resulted in the imposition of an inequitable burden."[3]

The *Barker* construction of subsections (1) and (4), that sub. (4) does not "repeal or alter" the provisions

---

[1] *State v. Davidson,* 242 Wis. 406, 409, 8 N.W.2d 275 (1943); *Layton v. Rowland,* 197 Wis. 535, 537, 222 N.W. 811 (1929).

[2] 273 Wis. 466, 78 N.W.2d 893 (1956).

[3] *Id.* at 469, 470.

of sub. (1), was given in a case where the issue presented involved an unlawful rate applied to a lawful valuation of property, rather than an allegedly illegal valuation of the property itself. However, the construction given in *Barker* applies to a claim of illegality based upon an allegedly unlawful valuation as clearly as it did to a claim of an unlawful rate applied to the valuation. Both illegalities are alleged to have resulted in the payment of an excessive tax. This construction of the statute is supported by the following statement in the recent *Marina Fontana Case:*

> "The court in *Pelican* held that a taxpayer claiming an excessive assessment because of the amount of valuation of property, *and properly presenting his case to the board of review,* has an election to appeal from the board's determination by certiorari under sec. 70.47 (9a), Stats., or to commence an action to recover the illegal tax under the provisions of sec. 74.73 (1)."[4] [Emphasis in original.]

Unless this language in *Marina* is withdrawn and the decision in *Barker* reversed, the plaintiffs in this case are persons claiming to be "aggrieved by the levy and collection of any unlawful tax," and are entitled to bring this action against the city for the payment of an assessment "found to be illegal and excessive." The allegation of illegality set forth in plaintiffs' complaint is that the ". . . assessment of value was made in violation of law, to-wit: upon the income approach to the value of said real estate, and not upon its fair market value as evidenced by the purchase price paid for said property by the plaintiffs. . . ." Our court has set forth the elements that may properly be considered in determining

---

[4] *Marina Fontana v. Vil. of Fontana-on-Geneva Lake,* 69 Wis.2d 736, 741, 233 N.W.2d 349 (1975). *See also: Pelican Amusement Co. v. Pelican,* 13 Wis.2d 585, 109 N.W.2d 82 (1961).

market value of real estate, including ". . . such elements as cost, depreciation, replacement value, income, industrial conditions, location and occupancy, sales of like property, book value, amount of insurance carried, value asserted in a prospectus, and appraisals procured by owner."[5] We have held that an assessment with respect to real estate should not be based on income alone and that: "Though net income from the rental of either real or personal property is always a proper element to consider, it cannot be considered as the sole controlling factor in determining value of either real or personal property."[6] Furthermore, "[w]here a 'fair sale' of the property has occurred, it is error to utilize other evidence of intrinsic value in the assessment."[7]

For the purpose of examining a complaint challenged by demurrer, ". . . facts stated therein are assumed to be true and the complaint must be construed liberally in determining whether the facts are sufficient to state a cause of action."[8] The plaintiffs' complaint alleges that despite the occurrence of an arm's length transaction, the city has unlawfully utilized an income approach. These facts must be assumed to be true. So construed, this complaint states a cause of action under sec. 74.73(1), Stats., that is not barred by the provisions of sec. 74.73(4), Stats. The order of the trial court sustaining the demurrer of the defendant city must be

[5] *State ex rel. I.B.M. Corp. v. Board of Review*, 231 Wis. 303, 311, 312, 285 N.W. 784 (1939).

[6] *Id.* at 312, this court adding: "Such a rule, if given approval, would require a holding that nonincome-producing property is practically valueless for taxation purposes."

[7] *State ex rel. Lincoln F. Warehouse v. Bd. of Rev.*, 60 Wis.2d 84, 98, 208 N.W.2d 380 (1973).

[8] *Marina Fontana v. Vil. of Fontana-on-Geneva Lake, supra*, n. 4, at 739, citing *Volk v. McCormick*, 41 Wis.2d 654, 165 N.W.2d 185 (1969).

reversed, and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.