## PIERCE *vs.* JUNG.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard July 13, 1859.]                    [Decided December 14, 1859.

*Contract—Debt—Damages.*

An action of debt for the payment of a stipulated amount, can be maintained for the breach of an agreement, which provides that "if either party shall refuse to perform this agreement, the party so refusing shall forfeit and pay to the other party the sum of $1000, as stipulated damages;" if it shall also appear from the case, that independently of the agreement, the damages would be wholly uncertain and incapable of being ascertained except by conjecture.

This case comes before the court on an appeal from a judgment of the circuit court of Milwaukee county. The plaintiff, John D. Pierce, filed his declaration under the old practice in debt, upon a contract, the substance of which is stated in the opinion of the court. The defendant, Adelbert Jung, demurred, "That the undertaking or agreement in said declaration mentioned, so far as the same is for the payment of money, is collateral, and debt does not lie. The amount stipulated to be paid by said agreement, is in terms a penalty, and is not liquidated damages, and no action lies thereon unless actual damage is alleged."

The court overruled the demurrer, and the defendant pleaded *nil debit*, and on the trial the plaintiff read the agreement and proved a breach by the defendant, and rested his case. The defendant then offered to prove that the goods mentioned in the agreement were not worth the price agreed to be paid to the plaintiff, and that the plaintiff had suffered no actual damages by reason of the non-performance of the contract on the part of the defendant, to which the plaintiff, by his counsel, objected, for the reason that the damages were liquidated by the contract; and the circuit judge declared his opinion that the damages were liquidated by the contract, and rejected the testimony as inadmissable, to which opinion the defendant excepted. And afterwards, the parties having severally rested the case, the circuit judge among other things, charged the jury that if they found for the plaintiff, their ver-

dict should be the amount of damages mentioned in the contract, with interest from the date of the breach of the contract. The judgment was rendered for the plaintiff, and the defendent appealed to this court both on the overruling the demurer, and the instruction to the jury.

*E. Mariner*, for the appellant.

*Butler, Buttrick, & Cottrell*, for the respondent.

*By the Court,* PAINE, J.   This was an action brought by the respondent against the appellant, for a sum claimed as stipulated damages, for failure to perform an agreement for the sale of a stock of goods, by the appellant to the respondent,   By the agreement an inventory was to be taken, the vendee was to pay one-fourth of the amount down, and to execute and deliver to the vendor, three notes, secured by a chattel mortgage on the goods, one to be for $1800, the second for $1200, and the third for the balance.   The agreement also contained the following provision:  " And it is expressly agreed that if either party shall refuse to perform this agreement, the party so refusing, *shall forfeit and pay to the other party, the sum of one thousand dollars, as stipulated damages.*

On the trial the defendant offered to prove that the goods were worth less than the plaintiff had agreed to give for them, and that he had suffered no actual damage.   But on objection, the evidence was rejected, on the ground that the agreement had provided for the amount of damages in case of a failure to perform by either party.   The only material question presented on the appeal, is whether this ruling was correct.

The decisions on this subject are somewhat conflicting. On the one hand, they lean towards treating such provisions as in the nature of penalties, and to do so, have sometimes disregarded the positive and explict language of the parties

On the other, they go for upholding contracts as made, treating the parties as equally competent to provide for the amount of damages to be paid, in case of failure to perform, as to determine any other matter contained in them. The case of *Astley vs. Weldon*, 2 Bos. & Pul., 346 ; and *Kemble vs. Farren*, 6 Bing., 141, are strong illustrations of the first class; and in *Crisdee vs. Bolton*, 3 Car. & Payne, 240, the opposite doctrine is very clearly stated. But even the first class of cases concede the power of the parties to liquidate the damages by their agreement in case of a non-performance. And they profess also to go upon the intention of the parties. And perhaps the only real difference between the two, is that the former take greater liberties than the latter with the words of the parties, in determining what the intention is. They pay more attention to the whole nature and object of the agreement, than to the precise words, in determining whether the intent was to create a penalty, or provide for liquidated damages.

Thus, in *Kemble vs. Farren*, the agreement contained some provisions, upon the breach of which, the damages would have been wholly uncertain, and incapable of any definite ascertainment. But it also had others of a comparatively unimportant character, one of which was that the plaintiff should pay the defendant £3 6s. 8d., every night the theatre was open. And there was a clause that upon the failure of either party to fulfil his agreement, *or any part thereof*, he should pay to the other £1000, which was expressly declared to be "liquidated damages, and not a penalty, or in the nature thereof." Yet, notwithstanding this language, which the court admitted to be as explicit as language could be; they held it to be a penalty, because, by the very terms of the agreement, it applied as well to a breach of the most unimportant provisions, where the actual damages was clearly ascertainable, as to those of a different character    As, for in-

stance, if the plaintiff had failed to pay the £3 6s. 8d., on any one night, he would, by the agreement, have forfeited the one thousand pounds; from which the court held that, notwithstanding the positive language to the contrary, the intention was to provide for a penalty. But this case, and all those of a similar character lay great stress upon the point, whether upon a breach of the agreement the damages are capable of being readily and certainly ascertained. And they all admit that where such is not the case, that fact will have a controlling influence in determining that the intention was to provide for stipulated damages, and not for a penalty.

The authorities upon the subject, both English and American, are collected and reviewed in chap. 16 of Sedgwick on Measure of Damages. He deduces from them, among others, the two following propositions, which, we think, fairly result from the authorities, and are applicable to this case: 1. That if the sum be evidently fixed to evade the usury laws, or any other statutory provision, or to cloak oppression, the courts will relieve by treating it as a penalty. 2. That where, independently of the stipulation, the damages would be wholly uncertain, and incapable of being ascertained except by conjecture, then the damages will usually be considered as liquidated, if they are so denominated in the instrument.

In this case there is nothing in the nature of the agreement, or in the amount fixed, that would warrant us within any of the authorities, in holding it a penalty against the express language of the parties. The exact amount of the stock of goods does not appear, but it does appear that it was more than $4000; how much more we cannot tell. It is not a case, therefore, where the court can see that the amount fixed is greatly disproportionate to the probable damage. And it is very clearly a case where, upon a breach, the real damages are incapable of being definitely ascertained. Who could form any accurate idea of the plaintiff's damage? How could

it be shown before a jury? It would be almost impossible. Every thing that may contribute, in any manner, to the prosperity of a merchant, would have to be known. The condition of the markets, the state of trade, the plaintiff's popularity and probable amount of custom, and many other things which cannot be reduced to any accurate measure. For these reasons we think this agreement should be construed as providing for liquidated damages, notwithstanding it contains the word "forfeit," which were it of a different character, might be seized on as a ground for holding it a penalty.

Having come to this conclusion, it follows that debt was the proper action, under the old system, it being for a sum certain, liquidated by the agreement of the parties. The demurrer was, therefore, properly overruled, and the ruling of the judge on the trial was correct.

The judgment is affirmed with costs.