FITZPATRICK, adm'r, &c., vs. COTTINGHAM.

14  219
108  374

A bill of exceptions was settled in October, 1859, and the writ of error was sued out in December, 1860, put on the calendar at the January term, 1861, stricken from the calendar of that term by stipulation, and noticed for argument at the June term. Just before the case was reached, a motion was made to strike the bill of exceptions out of the record, on the ground that it was not settled within the time limited by the rules. Motion denied, on the ground of *laches* in making it.

Where, from the nature of the provisions of a contract, it appears that the actual damages arising from a breach may be accurately ascertained, and that they may be trifling compared with the amount fixed as stipulated damages, the latter will be considered as in the nature of a penalty.

The doctrine of liquidated damages is not applicable to agreements for the payment of money only.

In a contract for the building of a mill, the employer agreed among other things to pay certain portions of the contract price at certain times, and to furnish all materials as fast as needed, and that if he failed to perform "all and any of the conditions by him to be performed," he would pay the other party "$1,000 fixed and stipulated damages." *Held,* that the stipulated damages were in the nature of a penalty.

ERROR to the Circuit Court for *Ozaukee* County.

*Cottingham* agreed to build for *Kittridge* a mill according to certain plans and specifications, and *Kittridge* agreed to pay him therefor $4,800, as follows: Eighty-five per cent. of the actual value, *pro rata*, of the work done at the end of every two weeks as the work progressed, and the remaining fifteen per cent. when the work was completed. He also agreed to furnish all materials as fast as needed; to do all the necessary blacksmith work; and to furnish a miller to dress

June Term, 1861.

FITZPATRICK
v.
COTTINGHAM.

the stones; and agreed to pay *Cottingham* $1,000 "fixed and stipulated damages," if he failed to perform "all and any of the terms, conditions or agreements by him to be performed." *Cottingham* brought his action to recover $1,000 damages for breaches of the contract, in that *Kittridge* had failed to make the payments as agreed, and had failed to furnish materials when needed. Answer, a denial of the breaches alleged.

On the trial, the defendant below asked the court to charge the jury that if they found that the defendant had broken the contract, they should assess the damages at what they were proved to have been. The court refused so to charge the jury, and instructed them that if they should find that the defendant had broken the contract, they should find for the plaintiff $1,000 damages. Verdict and judgment for the plaintiff, for $1,000.

*G. W. Foster*, for plaintiff in error (who was the administrator of *Kittridge*), as to the doctrine of stipulated damages, cited 2 Parsons on Con., 432, 434, 436, 438.

*Eugene S. Turner*, *contra*, cited on the same point, 4 Excheq. R., 776; 1 id., 658; 2 T. R., 32; 9 Mees. & Welb., 678; 5 Bing. (N. C.), 390; 5 Taunt., 247; 13 Mees. & Welb., 695; 16 id., 346; 14 id., 187; 1 Holt's N. P. Cas., 43; 37 Eng. L. & E., 122; 16 N. Y., 275; 5 Seld., 551; 1 Zabriskie, 463; 8 Mass., 223; 3 Carr. & Payne, 240; 4 Wend., 468; 17 id., 447; 22 id., 201; 5 Sandf. (S. C.), 192; Sedg. on Dam., chap. 16; *Pierce vs. Jung*, 10 Wis., 30.

November 2.

*By the Court*, PAINE, J. This action was tried before the circuit court at the April term, 1859. It seems that the bill of exceptions was not settled until after the first day of the next October term; and for this reason a motion was made to strike it out in this court, just before the case was reached in its order for argument. We denied the motion upon the ground of *laches* in making it. The bill of exceptions was settled in October, 1859, notice being served on the attorney of the defendant in error. The writ of error was not sued out until December, 1860, during all which time the defendant in error made no attempt, as far as appears, to strike out the bill in the court below. After the case was brought

here, it was put on the calendar at the January term, 1861; and a stipulation is on file, signed by counsel for both parties, by which it was stricken from the calendar for that term. It was then noticed for argument at the June term, and just before it was reached this motion was made. We think the delay ought to be fatal to it. If the objection had been promptly made, the party might have obtained an order extending the time to settle the bill. And it might evidently operate as a surprise on the other side, to allow, after such an apparent acquiescence in the correctness of the record as returned, this motion to be made just as the case was reached for argument.

The only question necessary to be disposed of to determine the case upon its merits, is whether the thousand dollars, which it is alleged was agreed to be paid " as fixed and liquidated damages," was recoverable as such, or was in the nature of a penalty, leaving the party liable only for the actual damage. We think the latter was its character. The authorities upon this question are examined in *Pierce vs. Jung*, 10 Wis., 30. It was there held that where the damages were uncertain and incapable of definite ascertainment, the damages fixed in the contract would not be considered in the nature of a penalty, but might be recovered. But it was also stated, as the result of the authorities, that where, from the very nature of the provisions of the contract, it appeared that the actual damage might be accurately ascertained, and that it might be of trifling importance as compared with the amount fixed as stipulated damages, there it would be considered as a penalty. This case comes within that rule, and is very similar to that of *Kemble vs. Farren*, 6 Bing., 141, which is commented on in *Pierce vs. Jung*.

By the terms of the agreement as set forth in the complaint, the defendant was liable to pay the $1000 on his failure to " perform all and *any* of the terms, conditions and agreements by him to be performed," &c. Now the principal thing to be performed by the defendant was the payment of money. By the terms of the agreement he would have been liable to pay the $1000 damages, if he had not paid the last 15 per cent. of the consideration as agreed. But the doctrine

June Term, 1861.

FITZPATRICK
v.
COTTINGHAM.

June Term, 1861.

of liquidated damages is not applicable to agreements for the payment of money merely. Sedgwick on Damages, 400, and cases cited.

So the defendant was required to furnish materials as fast as they were needed, &c, If he had delayed one day beyond a reasonable time to furnish any part of the materials, he would by the terms of the agreement have been liable to pay the $1000. The reasoning in *Kemble vs. Farren* seems entirely applicable to this contract, and shows that it should be regarded as in the nature of a penalty. The court below should have instructed the jury, as requested, that the plaintiff could recover only his actual damages.

The judgment is reversed, with costs, and a new trial ordered.