ALLAN O. MAKI, District Attorney, St. Croix County
You have requested my opinion relative the furnishing of police protection for bars and restaurants in your county. *Page 257 
You inquire as to potential liability the county may have to "private police" sent out by the sheriff, potential liability the county may have for injuries to third persons caused by such "private police," and whether the practice described below is authorized by law.
Your letter states:
"Under the present practice, bar owners and operators of all-night restaurants who foresee a problem with unruly crowds call the Sheriff's Department and request that a `deputy' be sent out. One of the full-time deputies spends a substantial portion of his work week handling such requests and lining up persons to handle such duties.
"The County does not have a Civil Service System for its deputies. The County has enacted a Dance Hall Ordinance in accordance with state law and has a number of persons who act as dance hall inspectors. These men purchase their own badges and uniforms. Under the Dance Hall Ordinance the owner or operator of a licensed dance hall obtains a permit from the County Clerk to hold a dance and the County sends out an inspector. In practice, the same persons who have acted as dance inspectors are also sent to the bars and restaurants to act in the capacity of private police. The County pays the dance inspectors for each night they are on duty. However, the persons dispatched to the bars and restaurants are paid directly at the end of the evening by the proprietor. To my knowledge, social security and withholding tax are not being withheld or paid in properly from the money paid by the bar owner to the `deputy'.
"I have had citizens complain to me and question the legality of this practice, which appears to the public to be one wherein the county is furnishing `bouncers' to the taverns. I have also had a complaint from a private detective agency which complains that the County is unfairly competing with a private business by providing private police in this manner."
Specific answers cannot be given to each of your questions as there will always be a question in each case whether such individuals are acting in their private or official capacities. *Page 258 
As you point out, dance halls or places of amusement defined in sec. 59.07 (18) (b), Stats., are not involved, and although such individuals may at times act as dance hall inspectors, they are not so employed here.
Section 59.07 (18) (b), Stats., provides in part:
"* * * Upon the passage of such an ordinance the board shall select a sufficient number of persons whose duty it shall be to supervise public dances according to assignments to be made by the board. Such persons while engaged in supervising public dances or places of amusement shall have the powers of deputy sheriffs, and shall make reports in writing of each dance visited to the clerk, and shall receive such compensation as the board determines. * * *"
By reason of sec. 59.07 (18) (d), Stats., such county ordinances would not be effective in any city or village which by ordinance regulates and controls such places in any event.
Generally, a sheriff has a duty to keep the peace and enforce state law and county ordinances throughout the county regardless of municipal boundaries, and may take such means as he deems necessary to carry out those duties.
 Andreski v. Industrial Comm. (1952), 261 Wis. 234, 52 N.W.2d 135.
Article VI, sec. 4, Wis. Const., provides in part:
"* * * the county shall never be made responsible for the acts of the sheriff. * * *"
For many purposes a sheriff and his deputies are regarded as one officer, and the sheriff is held responsible for the acts of his deputies.
Russell v. Lawton (1861), 14 Wis. 219.
A county is no longer immune from tort liability. However, recision of the former rule did not create any liability against the county for acts of the sheriff.
Holytz v. Milwaukee (1962), 17 Wis.2d 26, 115 N.W.2d 618. *Page 259 
A county is not liable for the acts of the undersheriff or deputies, at least where deputies are not under civil service. 45 OAG 152 (1956). Section 59.22 (1), Stats., makes the sheriff responsible for every default or misconduct in office of his undersheriff or deputies.
Under sec. 59.21 (2), Stats., a sheriff in noncivil-service counties can appoint as many deputies as he deems proper. However, under sec. 59.15 (2) (c), Stats., the board determines the number who shall be compensated on a salary basis by the county and the amount of compensation.
If no salary is provided by the county and no fee is established by law, a deputy cannot "in his official capacity" make a charge to private individuals for official services.
Section 946.12 (5), Stats., provides a penalty for a public officer or public employe who:
"(5) Under color of his office or employment, intentionally solicits or accepts for the performance of any service or duty anything of value which he knows is greater or less than is fixed by law."
With respect to your questions, and in light of the above, I summarize as follows:
1. A sheriff may assign a deputy to keep the peace at a given establishment. However, neither the sheriff nor the deputy can solicit compensation from such operator for the benefit of the deputy for any "on duty" services or services rendered in an official capacity.
2. An operator of a private establishment may contract with an individual who is also a deputy, for services in keeping the peace during the deputy's off-duty hours, and such individual may accept and retain compensation therefor, if not prohibited by the rules of the sheriff, and may wear his privately-owned uniform and badge, if not prohibited by the rules of the sheriff. An argument can be made that a sheriff should as a matter of policy restrict the use of the deputy's official uniform and badge to official duty situations. A deputy has official power twenty-four hours a day. However, such fact does not prohibit a deputy *Page 260 
compensated on a fee or part-time basis from being otherwise employed in a capacity which is not in irreconcilable conflict with his official duties.
3. The county could not be held liable for the acts of the sheriff and probably could not be held liable for acts of his deputies against third persons even while engaged in official duties, although the sheriff may be.
4. The county may be liable on a workmen's compensation basis to both the sheriff and his deputies injured in carrying out their official duties.
RWW:RJV