DAVID B. DEDA, District Attorney Price County
You state that the fourth-class cities of Park Falls and Phillips are considering disbanding their police departments and propose contracting with Price County for the furnishing of police services. It is suggested that such services could be provided by the sheriff's department.
Your first question is whether a county may contract with cities, towns and villages for the furnishing of law enforcement services in such municipalities. *Page 48 
The answer to this broad question is "yes." However, a county cannot take over all law enforcement duties within such municipalities.
It was stated in 58 OAG 72 (1969), that there is some latitude under sec. 66.30, Stats., for counties to contract with municipalities within the county to furnish or supplement certain law enforcement services in the respective municipalities. It was suggested that before entering into any cooperative arrangement the parties should consider the availability of provisions for mutual assistance between law enforcement agencies. See secs. 66.305 and 66.315, Stats.
However, the power to contract for the furnishing of certain law enforcement services is, under sec. 66.30, Stats., limited to those areas where each municipality has separate statutory authority to perform the same particular act. In my opinion, neither of the municipalities involved could abolish any of the offices they are required to have by the constitution or applicable statute.
In 60 OAG 85 (1971), it was stated that there is no present legal authority by which a county, even when acting with the consent of cities, towns and villages within it, could create a metropolitan police agency to serve all of the law enforcement needs within such county. Any power to create such an agency, which would greatly alter the respective powers and duties of sheriffs, chiefs of police, police, constables and, in some degree, those of the county board, city councils, village and town boards, must come from the legislature. Also see 61 OAG 79 (1972).
You next inquire whether each city may designate a county deputy sheriff as chief of police per 62.09 (1), Stats., if such county take-over were permitted by sec. 66.30, Stats. The answer is "no."
Section 62.09 (1) (a), Stats., requires each city to have a chief of police. It is not an office which can be dispensed with under sec. 62.09 (1) (b), Stats. Furthermore, I believe that the offices of chief of police and deputy sheriff are incompatible. See 58 OAG 247 (1969). Section 62.09 (13) (a), Stats., provides that "The chief of police shall have command of the police force of the city under the direction of the mayor. It is his duty to obey all written orders of the mayor or common council . . . ." A deputy sheriff is appointed by the sheriff under sec. 59.21, Stats., and is primarily under the direction and supervision of the sheriff. *Page 49 
Finally, you ask whether a section of the jail must be designated as the city, rather than county, jail as per 62.09
(13) (b), if such county take-over were permitted by 66.30, Stats.
Although a city may have a jail, I am aware of no statute requiring a city to have one. However, sec. 66.508, Stats., permits construction and operation of a county-city safety building which can contain a jail. Applicable in all cases where the city maintains a jail is sec. 62.09 (13) (b), Stats., which provides:
 "(b) The chief of police shall have charge of all city jails, including that portion of any jail which is used by the city in a joint city-county building."
Section 59.68 (1), Stats., provides that each county shall provide a jail at the county seat. Green County v. Monroe (1958),3 Wis.2d 196, 201, 87 N.W.2d 827. Section 59.23 (1), Stats., provides that the sheriff shall "take the charge and custody of the jail maintained by his county and the persons therein . . . ." Where it is proper for a city to incarcerate persons in a jail in a building owned and operated by the county which is not a joint city-county building, I am of the opinion that no portion of the facility need be denominated a city jail and that the sheriff has the sole duty of charge and custody of the jail and the persons therein.
BCL:RJV