DAVID H. RAIHLE, Corporation Counsel Chippewa County
You have requested an opinion on the authority of local governments to enter into cooperative agreements under section 66.30(2), Stats. Specifically, you ask: "`May a town or village and the county enter into a contract, with the consent of the sheriff, wherein the local municipality would pay funds to the county in exchange for law enforcement services beyond that which the sheriffs department is presently providing?'"
In answering this question, it is assumed that the county-wide law enforcement services, "which the sheriff's department is presently providing" the towns and villages involved, are legally adequate. Under section 59.24(1), the sheriff is responsible for keeping and preserving the peace in the county. Those county law enforcement services are supported by county-wide taxes and additional town or village taxes may not be raised or expended for expanded county law enforcement services. Sec. 59.07(5), Stats. Simply stated, "`[t]he purpose of the tax must be one which pertains to the public purpose of the district within which the tax is to be levied and raised,'" and town or village taxation is not an appropriate vehicle for insuring that the quantity or quality of county law enforcement services is improved. See Sigma Tau Gamma Fraternity House v. Menomonie,93 Wis.2d 392, 412-13, 288 N.W.2d 85 (1980).
According to your letter, two municipalities in Chippewa County wish to enter into law enforcement contracts with the county. One municipality is a village with a population of 2, 000, and the other is a town with a population of 4, 200. You further describe the nature of the agreements as follows:
 The local municipal funding would not be payment for duties which the sheriff is required by law to perform. Rather, the municipalities would secure additional patrol, visibility, physical *Page 120 
presence and law enforcement not only of state law and county ordinance, but enforcement of town or village ordinances.
 Officers patroling in local municipalities would be deputy sheriffs serving solely under the control of the sheriff. The towns and villages would have no supervisory control over the officers or the sheriff. The sheriff, in his sole discretion, would schedule and direct the officers assigned to the local municipalities. Costs of added services are to be solely paid by local municipal funds without fiscal impact or additional expense to the county.
 The sheriff has been consulted in this matter and, if lawful, he would consider such a contract. Because of constitutional and statutory limitations directed to the enlargement of sheriffs' duties, it may be necessary to consider a contract term only for the duration of the incumbent sheriff.
The subject of your inquiry has already been rather extensively reviewed and answered in several prior opinions of this office. 65 Op. Att'y Gen. 47 (1976); 60 Op. Att'y Gen. 85 (1971); 58 Op. Att'y Gen. 72 (1969). For the most part, those opinions are still applicable. They point out that, subject to certain limitations stated therein, there is latitude for the execution of agreements, such as you describe under the joint exercise of powers statute. Sec. 66.30, Stats.
Section 66.30(2) states, in part:
 In addition to the provisions of any other statutes specifically authorizing cooperation between municipalities, unless such statutes specifically exclude action under this section, any municipality may contract with other municipalities, for the receipt or furnishing of services or the joint exercise of any power or duty required or authorized by law.
This section allows each municipality to contract to the extent of "its lawful powers and duties." Sec. 66.30(2), Stats. Thus, "the service must be one that the receiving municipality is authorized to receive and the performing municipality is entitled to render." 56 Op. Att'y Gen. 69, 70 (1967). Our supreme court has pointed out that "[m]unicipalities, including towns and villages, may contract with one another for the receipt or furnishing of law enforcement services or for mutual law enforcement assistance under sec. 66.30(2), Stats." Village ofMcFarland v. Town of Dunn, 82 Wis.2d 469, *Page 121 
475, 263 N.W.2d 167 (1978). The term "municipality" is defined by section 66.30(1)(a) to include "county."
Section 60.56(1), enacted by 1983 Wisconsin Act 532, authorizes a town board to provide for law enforcement by establishing a town police department, by creating a joint police department with another town, village or city, or by "[c]ontracting with any person."[1] "Person" is not defined in chapter 60. However, section 990.01 construes words which are not otherwise defined in the statutes. Section 990.01 (26) defines person to include "all partnerships, associations and bodies politic or corporate." Section 59.01 (1) specifically provides that "[e]ach county in this state is a body corporate . . . ." Accordingly, it appears that section 60.56(1) specifically authorizes a town to contract with a county for law enforcement services.
Section 61.65(1) requires certain villages to provide police protection. Under this section, all villages with a population of more than 5,000 are required to provide police protection either by creating a police department, by creating a joint police department or by contracting with another municipality including the county. Other statutes provide specific authority for a village marshal, village constable and village peace or police officers. Secs. 61.28, 61.29 and 61.31, Stats.
The village you refer to has a population of only 2,000 and, therefore, it is not required to provide police protection undersection 61.65(1). However, as pointed out in 58 Op. Att'y Gen. at 76, "[i]t can be said, therefore, in general, that a village cannot drop `police protection.'" Moreover, section 61.34(1) provides that the village board has the "power to act for the government and good order of the village . . . and for the health, safety, welfare and convenience of the public," which power "shall be in addition to all other grants . . . and shall be limited only by express language," and be liberally construed. Sec. 61.34(5), Stats. Based on the foregoing, and subject to limitations discussed in our previous opinions on the subject, it may reasonably be concluded that such smaller villages may also provide police protection for their inhabitants through cooperative agreements with their county. *Page 122 
In 58 Op. Att'y Gen. 72 and 65 Op. Att'y Gen. 47 this office examined proposed law enforcement contracts similar to the ones proposed in your letter. Specifically, this office determined that "the county has an interest and duty to provide law enforcement in all of the villages and towns, and that the sheriff and his deputies can enforce village or town ordinances if necessary to maintain peace and order." 58 Op. Att'y Gen. at 74. It is apparent, then, that the sheriffs general county-wide law enforcement responsibilities give him the authority to enforce state statutes and county and municipal ordinances within the boundaries of villages and towns. The county may contract for the sheriff to act to the limits of this law enforcement authority to provide supplemental law enforcement to both the village and the town.
However, as indicated, the law enforcement contracts would be subject to certain limitations. One of these limitations is that the sheriff and deputy sheriffs may not serve as town or village officers as part of the contract. 65 Op. Att'y Gen. at 48 and 60 Op. Att'y Gen. at 86-88. In discussing the common law role of the sheriff in Andreski v. Industrial Comm., 261 Wis. 234, 240-41,52 N.W.2d 135 (1952), the Wisconsin Supreme Court stated: "No other county official supervises . . . [the sheriff's] work or can require a report or an accounting from him concerning his performance of his duty. He chooses his own ways and means of performing it." Another limitation is that the village and town may not use the contracts to abrogate their duties to provide for the safety and welfare of the public. 58 Op. Att'y Gen. at 76. Further, funding arrangements and reimbursement should be carefully considered and set forth in the agreement. See sec. 66.315, Stats.
Finally, as you appear to be aware, any contract between the county and a town or village should also be approved by the sheriff. Under Professional Police Ass'n v. Dane County,106 Wis.2d 303, 316 N.W.2d 656 (1982), a county may not limit a sheriff's exercise of discretion concerning the performance of his or her traditional duties. Since the proposed contracts would affect the exercise of the sheriff's traditional law enforcement duties, the sheriff's approval is required.
BCL:JCM
[1] The legislative council special committee note describing this enactment indicates that previous detailed law is "replaced with broad authority of the town board to provide for law enforcement." *Page 123