Mr. Richard L. Hamilton Corporation Counsel Outagamie County Courthouse 410 South Walnut Street Appleton, Wisconsin 54911
Dear Mr. Hamilton:
You indicate that an urbanized town within your county has its own police department, including a full-time police administrator, an assistant police administrator and several full and part-time police officers. You also indicate that the town has never provided investigative services, that all such services have been provided by the county sheriff's department and that such services now may consume as much as forty percent of the total time expended by the sheriff's investigative staff. You ask whether the sheriff may discontinue the provision of such investigative services with respect to criminal activity within the town unless a high level of expertise is required in order to investigate a particular crime. My understanding is that no such limitation would be imposed with respect to investigative services provided by the sheriff's department in other, less urbanized towns.
In my opinion, a sheriff may not unilaterally withdraw most forms of investigative services provided within one urbanized town within a county.
Section 60.56, Stats., provides in part:
 Law enforcement. (1) GENERAL AUTHORITY. (a) The town board may provide for law enforcement in the town or any portion of the town in any manner, including:
1. Establishing a town police department.
As you acknowledge, nothing in section 60.56 requires a town to perform investigative services, or even to have a police department at all. See 75 Op. Att'y Gen. 119, 121 (1986). *Page 25 
The statutory duties of sheriffs are described in sections59.23 and 59.24. They include the duty to "keep and preserve the peace in their respective counties." Sec. 59.24 (1), Stats. As you indicate, nothing in section 59.23 or 59.24 requires the sheriff to share the results of an investigation with a town police department or explicitly requires the sheriff to perform investigative services at all.
The common law and statutory duties of the sheriff have been more broadly described in the following fashion:
 Within the field of his responsibility for the maintenance of law and order the sheriff today retains his ancient character and is accountable only to the sovereign, the voters of his county, though he may be removed by the governor for cause. No other county official supervises his work or can require a report or accounting from him concerning his performance of duty. He chooses his own ways and means of performing it. He divides his time according to his own judgment of what is necessary and desirable but is always subject to call and is eternally charged with maintaining the peace of the county and the apprehension of those who break it. In the performance of this duty he is detective and patrolman, as well as executive and administrator, and he is emphatically one of those who may serve though they only stand and wait. We recite these qualities and characteristics of the office not because they are novel but because they are so old that they are easily forgotten or unappreciated.
Manitowoc County v. Local 986B, 168 Wis.2d 819, 830,484 N.W.2d 534 (1992), quoting Andreski v. Industrial Comm'n, 261 Wis. 234,240, 52 N.W.2d 135 (1952).
The overlapping statutory obligations of towns, cities, villages and county sheriffs' departments to provide law enforcement services are summarized in 58 Op. Att'y Gen. 72 (1969). These various provisions "make unified law enforcement activity more difficult." 60 Op. Att'y Gen. 85, 87 (1971). In limited circumstances, these difficulties may be addressed through formal *Page 26 
contractual agreements. 65 Op. Att'y Gen. 47, 48 (1976). But they have usually resulted in "gentlemen's agreements to allow municipal police to have primary concern of the matters within the[ir] boundaries," even though such agreements "do not displace duties imposed by statute." 58 Op. Att'y Gen. at 73-74.
The sheriff is the chief law enforcement officer of the entire county, and it is the duty of local law enforcement personnel to cooperate with him. 61 Op. Att'y Gen. 80, 81 (1972); 58 Op. Att'y Gen. at 73. Nevertheless, county-wide law enforcement services provided by the sheriff must be "legally adequate." 75 Op. Att'y Gen. 119, 119 (1986). "Generally, a sheriff has a duty to keep the peace and enforce state law and county ordinances throughout the county regardless of municipal boundaries, and may take such means as he deems necessary to carry out those duties." 61 Op. Att'y Gen. 256, 258 (1972). However, "[a]lthough the sheriff possesses some discretion as to the manner in which he may carry out his duty to preserve public order, he must respond when called upon to investigate or aid in the apprehension of law breakers and from this duty springs a duty to assist other law enforcement officers in the apprehension and detention of such persons." 50 Op. Att'y Gen. 47, 48 (1961). Thus, while the sheriff owes no duty of any kind to a town police department, he does have a duty to investigate crime throughout the county. In most cases, the most efficient means of accomplishing that duty is to coordinate information with local law enforcement agencies.
The sheriff in your county has apparently determined that it is necessary to provide a wide range of investigative services within other towns in order to discharge the sheriff's common law and statutory obligations to provide law enforcement services within the entire county. The sheriff's effectiveness in executing his duty to perform such investigative services throughout the county may be constrained "by budgetary and manpower limitations." 58 Op. Att'y Gen. at 73. As Andreski
indicates, he retains broad authority to set priorities in order to deal with such budgetary and manpower limitations. But the sheriff's underlying duty to *Page 27 
investigate the full range of criminal activity within the boundaries of a particular town may not be abdicated, because such a duty is part and parcel of the "sheriff's role of law enforcement and preserving the peace." Manitowoc County,168 Wis.2d at 828 (footnote omitted). As you have explained it (i.e., the unilateral withdrawal of critical investigative services), the proposed action by the sheriff is therefore impermissible.
Law enforcement usually suffers when the sheriff and local law enforcement agencies are unable to reach agreement concerning their respective spheres of responsibility. See 58 Op. Att'y Gen. at 75. Voluntary agreement between law enforcement agencies is far preferable to a rigid insistence on doing no more than is legally required. I would urge the parties involved to attempt to achieve a cooperative solution rather than relying upon this opinion. In the event that such a cooperative solution cannot be achieved, it is my conclusion that a sheriff may not unilaterally withdraw most forms of investigative services provided within one urbanized town within a county.
Sincerely,
 James E. Doyle Attorney General *Page 28