Town of Amnicon, Respondent, vs. Kimmes, Appellant.*

*September 11—October 22, 1946.*

* Motion for rehearing denied, with $25 costs, on December 18, 1946.

For the appellant there was a brief by *Crawford & Crawford* of Superior, and oral argument by *Raymond A. Crawford.*

For the respondent there was a brief by *Alex L. Soroka* and *John J. Fisher,* both of Superior, and oral argument by *Mr. Fisher.*

ROSENBERRY, C. J.  The defendant, at all the times in question herein, resided in the city of Superior and owned two farms in the plaintiff town.  The defendant was in the highway construction business and from time to time took contracts in various parts of this state and some other states. It appears without dispute that at the time in question there was upon his farm in the town of Amnicon, in addition to farm machinery and other personal property used in the operation of the farms, a considerable amount of equipment which had been used by the defendant.  The assessor placed a valuation of $40,000 upon the equipment.  The assessor also assessed the cows upon the farm at the sum of $6,550. This assessment was approved by the board of review and the taxes levied accordingly.  The defendant paid to the town treasurer on February 29, 1944, the sum of $238.42, the amount of the tax on the cows.  This left delinquent the sum of $1,456, for which the plaintiff brings this action.

The defendant did not appear before the board of review and the trial court so found.  The trial court found that the defendant was not prevented from so appearing or from making any presentation or disclosure of his personal property in 1943, by any omission of duty on the part of the assessor, town of Amnicon, or on the part of such board of review. Upon the trial, it was the contention of the defendant that the assessor had promised an agent of the defendant that he, the assessor, would notify the agent of the time of the meeting of the board of review and that such notice was not given.

It is the further contention of the defendant that such machinery as was left in the plaintiff town after the usable high-

way equipment was moved to another job was obsolete highway equipment, unusable and junk or farm machinery; that the equipment other than that which was junk and obsolete was not taxable in the town of Amnicon but at the residence of the plaintiff in Superior because it had no fixed location and was only temporarily in the town of Amnicon awaiting transportation to the next job.

Upon recross-examination, the defendant testified:

All that property on defendant's Exhibit I, that's listed on that sheet there was in the town of Amnicon on May 1, 1943, and part of the highway equipment listed on that sheet was assessed by the city of Superior, and part of it assessed by the town of Amnicon. That part the town of Amnicon assessed is included in the total amount assessed by the town of Amnicon.

From the testimony of the defendant it appears that there were twenty items assessed, fourteen of which were assessed also in Superior. The defendant claimed that the six items not assessed in Superior were junk, obsolete and of no value. It did not appear that the items claimed by the defendant to be junk and obsolete were a part of the equipment which was being moved from place to place during the year 1943, at least some of it had been on the farm at the town of Amnicon for more than a year. The trial court held that—

"The defendant is precluded from questioning either the amount or the value of the personal property assessed against him by plaintiff town."

The facts of this case bring it squarely within *Herzfeld-Phillipson Co. v. Milwaukee* (1922), 177 Wis. 431, 189 N. W. 661. Conceding all of the defendant's claims as to the nontaxability of that part of the property which was being used by him in his highway construction business, at least a part of the property assessed in the town of Amnicon was assessable there.

Sec. 70.47 (6), Stats., provides: "No person shall be allowed in any action or proceeding to question the amount or valuation of personal property assessed to him unless in person or by agent he shall have first presented his objections thereto before the board of review of the district in which such assessment was made and in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath. . . ."

It is conceded that the defendant did not appear before the board of review in the town of Amnicon. The defendant attempts to excuse his failure to appear on the ground that the assessor told one of the defendant's employees that he would notify the defendant when the board of review met.

Sec. 70.46 (3), Stats., provides: "Notice of the time and place of meeting shall be posted up by such clerk in at least three public places in each town, village, or city, or ward thereof, at least four days prior to such meeting." This is all the notice that is required.

It nowhere appears that it was any part of the official duty of the assessor to notify persons against whom assessments are made of the time of meeting of the board of review. The defendant therefore was not prevented from appearing before the board of review "by omission of duty on the part of the assessor or of such board." The defendant having made no appearance before the board of review, and not being excused from making the disclosure and presentation required by the statute he cannot be heard to question the assessment or avoid the tax on that ground.

The defendant seeks to escape liability on the ground that the tax should be set aside on equitable grounds. We are unaware of any provision in the law which authorizes this or any other court to disregard a statute on the ground that its operation produces an inequitable result. If the statute is valid, it is the duty of the court to apply it in accordance with its terms. This contention was presented to the court in the case of *Herzfeld-Phillipson Co. v. Milwaukee, supra,*

and rejected. While the statute is perhaps, as has been previously said, a drastic one in that it places upon the taxpayer the burden of ascertaining the time of meeting of the board of review and appearing before it as a condition of attacking the validity of the assessment of personal property, that is a matter for the legislature and not for the court.

*By the Court.*—Judgment affirmed.