**2023 WI APP 64**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:     2022AP185

Complete Title of Case:

### NORTH CENTRAL CONSERVANCY TRUST, INC.,

#### PLAINTIFF-RESPONDENT,

#### V.

### TOWN OF HARRISON,

#### DEFENDANT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | November 7, 2023 |
| Submitted on Briefs: | October 5, 2022 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Gill, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Lee D. Turonie* of *Dempsey Law Firm, LLP*, Wausau. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Shane J. VanderWaal* and *Arthur M. Scheller III* of *VanderWaal Law, S.C.,* Wausau. |

**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 7, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.**

| | |
|---|---|
| **Appeal No.    2022AP185** | Cir. Ct. No.  2020CV386 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |

---

NORTH CENTRAL CONSERVANCY TRUST, INC.,

   PLAINTIFF-RESPONDENT,

V.

TOWN OF HARRISON,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and order of the circuit court for Marathon County:  GREGORY J. STRASSER, Judge.  *Affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

¶1     GILL, J.   North Central Conservancy Trust, Inc. ("the Trust") filed a civil action challenging the Town of Harrison's ("the Town") decision to disallow

the Trust's claim for tax exemption under WIS. STAT. § 74.35 (2021-22).[1] Specifically, the Trust argued that its property was exempt from general property taxation because it was "held in trust in public interest." *See* WIS. STAT. § 70.11(20). Following the Trust's submission of new evidence in the circuit court, the court reviewed the Trust's action de novo under § 74.35(3)(d) and reversed the Town's decision not to exempt the Trust's property from the payment of taxes. The court subsequently entered an order denying the Town's motion for reconsideration.

¶2      The Town argues that the circuit court erred by allowing the Trust to submit new evidence in court. According to the Town, the court should have reviewed the Town's decision applying certiorari review because WIS. STAT. § 74.35(3)(d) does not specify a method of review. *See **State ex rel. Johnson v. Cady***, 50 Wis. 2d 540, 549-50, 185 N.W.2d 306 (1971). We disagree. Section 74.35(3)(d) states that a property owner "may commence an action in circuit court to recover the amount of the claim not allowed." Consistent with the plain meaning of the text, the context in which the statute is used, and relevant case law, we conclude that § 74.35(3)(d) requires a court to review de novo a taxation district's property exemption decision and, if appropriate, determine the amount the property owner may recover on the disallowed claim, thus allowing for consideration of new evidence. Accordingly, we affirm.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

2

**BACKGROUND**

¶3      The Trust owns 160 acres of property in the Town of Harrison.  In February 2019, the Trust filed Wisconsin Department of Revenue (DOR) Form PR-230 with the Town's assessor, asking for the property to be exempt from taxation because it was "held in trust in public interest."  *See* WIS. STAT. § 70.11(20).

¶4      The Town's assessor denied the Trust's request for property tax exemption.  In April 2019, the Trust emailed the assessor asking for a reduction of the property's assessment.  The assessor ultimately reduced his assessment of the property.  The Trust then paid the property taxes—based upon the reduced assessed value—under protest in 2019 and 2020.

¶5      In January 2020, the Trust filed a claim against the Town pursuant to WIS. STAT. § 74.35(2)(a).  The Town took no action on the Trust's claim within ninety days and, therefore, "disallow[ed]" the claim.  *See* § 74.35(3)(a).  Subsequently, the Trust filed an action in the circuit court under § 74.35(3)(d).  Both parties filed opposing motions for summary judgment, along with supporting documents.

¶6      Included with the Trust's motion for summary judgment and opposition to the Town's motion for summary judgment were various affidavits consisting of information not previously disclosed to the Town's assessor or to the Town.  The Town argued that the circuit court should not consider any of the new evidence submitted by the Trust after it submitted Form PR-230 in February 2019 because the court should review the Town's decision applying certiorari review.

¶7      In a written decision and order, the circuit court rejected the Town's argument that its review of the Town's decision should be limited to certiorari

review. The court instead applied a de novo standard of review. In doing so, the court considered evidence that was not originally provided to the Town's assessor or the Town when the Trust filed its claim under WIS. STAT. § 74.35(2). Thereafter, the court concluded that the Trust met its burden to demonstrate that its property was tax exempt under WIS. STAT. § 70.11(20). As such, the court denied the Town's motion for summary judgment and granted summary judgment in favor of the Trust. The Town later filed a motion for reconsideration, which the court denied. The Town now appeals both the judgment in favor of the Trust and the order denying its motion for reconsideration.

## DISCUSSION

¶8    The sole issue in this appeal is whether the circuit court properly reviewed de novo the Town's decision to deny the Trust's claim for unlawful taxes under WIS. STAT. § 74.35(3)(d).[2] The Town argues that the proper standard of review is common law certiorari, while the Trust contends that the proper standard is de novo review.

¶9    Resolution of this issue requires us to interpret WIS. STAT. § 74.35, which presents a question of law that we review de novo. *See **Nowell v. City of Wausau***, 2013 WI 88, ¶19, 351 Wis. 2d 1, 838 N.W.2d 852. "Statutory interpretation begins with examining the language of the statute. We interpret statutory language 'in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes.'" ***Id.***,

_____

[2] The Town limits its arguments on appeal to the proper standard of review for a challenge under WIS. STAT. § 74.35. It does not argue that the circuit court improperly granted summary judgment in favor of the Trust or improperly denied its motion for reconsideration if the correct standard of review is, in fact, de novo review. In failing to raise that argument, the Town implicitly concedes that we should affirm the judgment and order if we conclude that the court applied the proper standard of review under § 74.35.

¶20 (citing *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶¶45-46, 271 Wis. 2d 633, 681 N.W.2d 110).

¶10    De novo review and certiorari review are two mechanisms "by which a [circuit] court may test the validity of a decision rendered by a municipality." *See Ottman v. Town of Primrose*, 2011 WI 18, ¶34, 332 Wis. 2d 3, 796 N.W.2d 411; *Nowell*, 351 Wis. 2d 1, ¶23. De novo review involves "'[a] new hearing of a matter, conducted as if the original hearing had not taken place.' It gives no presumption of correctness to the record below, according no deference to [a] municipality's decision." *Nowell*, 351 Wis. 2d 1, ¶23 (first alteration in original; citation omitted); *but see Metropolitan Assocs. v. City of Milwaukee*, 2011 WI 20, ¶10, 332 Wis. 2d 85, 796 N.W.2d 717 (explaining that when reviewing a challenge under WIS. STAT. § 74.37(3)(d) to an excessive tax, a "circuit court conducting a de novo review gives no deference to the [b]oard of [r]eview's decision, [but] the underlying assessment still carries a presumption of correctness" (citing WIS. STAT. § 70.49(2)).

¶11    Conversely, certiorari review is typically more limited in scope than de novo review. "[W]hen certiorari review is conducted pursuant to a statute, the statute may limit or enlarge the scope of review. Accordingly, some statutes providing certiorari review explicitly permit the reviewing court to take evidence." *Nowell*, 351 Wis. 2d 1, ¶30 (citation omitted). "Common law certiorari, which is available when there is no express statutory method of review, is limited to the record compiled by the municipality." *Id.* Under common law certiorari review, a circuit court examines:

> (1) whether the municipality kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question.

5

*Ottman*, 332 Wis. 2d 3, ¶35.

¶12     A circuit court's application of de novo review, rather than certiorari review, to a municipality's property taxation decision can have a considerable impact on the outcome of an action. *See **Nankin v. Village of Shorewood***, 2001 WI 92, ¶25, 245 Wis. 2d 86, 630 N.W.2d 141. In this case, if we apply a de novo standard of review under WIS. STAT. § 74.35(3)(d), and consider information beyond that presented to the Town's assessor or the Town, the result is in all likelihood an affirmance of the judgment and order, as noted by the Town's lack of argument to the contrary. Conversely, if we conduct a certiorari review, the evidence before the circuit court is properly limited to the evidence before the Town's assessor and the Town. If so limited, the outcome here would have likely resulted in the Trust's property not being exempt from the payment of taxes. We must therefore determine whether § 74.35(3)(d) provides a specific type of review (either de novo review or statutory certiorari review) or whether the statute is silent as to the type of review and requires common law certiorari review. *See **Johnson***, 50 Wis. 2d at 549-50.

¶13     In Wisconsin, taxes are levied against "all general property … except property that is exempt from taxation." WIS. STAT. § 70.01. Property "held in trust in public interest" is exempt from general property taxes. WIS. STAT. § 70.11(20). To obtain property tax exempt status, a property owner must file with an assessor of a taxation district "a form that the [DOR] prescribes."[3] Sec. 70.11. The assessor then values the property and determines whether it is exempt. *See* WIS. STAT. § 70.32.

---

[3] A taxation district is "a town, village or city in which general property taxes are levied and collected." WIS. STAT. § 70.045.

¶14    A tax is considered "unlawful" if imposed on a "property [that] is exempt by law from taxation." *See* WIS. STAT. §§ 74.35(1), 74.33(1)(c). "A person aggrieved by the levy and collection of an unlawful tax assessed against his or her property may file a claim to recover the unlawful tax against the taxation district which collected the tax."[4]  Sec. 74.35(2)(a). "No claim may be filed or maintained under [§ 74.35] unless the tax for which the claim is filed, or any authorized installment payment of the tax, is timely paid …." Sec. 74.35(5)(c). The taxation district may "disallow" the claim by either rejecting the property owner's claim "in whole or in part" or by "fail[ing] to take final action on the claim within 90 days after the claim is filed." Sec. 74.35(3)(a).

¶15    If a taxation district disallows a claim, the property owner "may *commence an action* in circuit court to recover the amount of the claim not allowed." WIS. STAT. § 74.35(3)(d) (emphasis added). With two exceptions not relevant to this appeal, § 74.35 is the "exclusive procedure" for a property owner to make a claim that a property is exempt. Sec. 74.35(2m); *Saint John's Cmtys., Inc. v. City of Milwaukee*, 2022 WI 69, ¶16, 404 Wis. 2d 605, 982 N.W.2d 78.

---

[4]  "Where WIS. STAT. § 74.35 uses the term 'claim,' it is referring only to a claim filed with the taxation district as opposed to a complaint filed with the circuit court. The statute uses the term 'action' to refer to the latter." *Saint John's Cmtys., Inc. v. City of Milwaukee*, 2022 WI 69, ¶16 n.7, 404 Wis. 2d 605, 982 N.W.2d 78.

> [I]f the court determines that a reassessment of the property upon which the taxes were paid is necessary, the court, before entering judgment, shall continue the action to permit reassessment of the property.… If, based on the reassessment, the court determines that the amount of taxes paid by the plaintiff is excessive, judgment shall be entered for the plaintiff for the amount of the excessive taxes paid.

WIS. STAT. § 74.39(1).[5]  "The court may proceed to judgment without ordering a reassessment under [§ 74.39](1), if the court finds that to do so is in the best interests of all parties to the action and if the court is able to determine the amount of unlawful taxes with reasonable certainty."  Sec. 74.39(3).

¶16     The Town argues that WIS. STAT. § 74.35(3)(d) actions are subject to common law certiorari review because the statute does not offer a method of review. "It is well established in this state that where there are no statutory provisions for judicial review, the action of a board … may be reviewed by way of certiorari." *Johnson*, 50 Wis. 2d at 549-50; *see also* **Marris v. City of Cedarburg**, 176 Wis. 2d 14, 23-24, 498 N.W.2d 842 (1993); *Nowell*, 351 Wis. 2d 1, ¶30.

¶17     To assist us in better understanding the proper standard of review under WIS. STAT. § 74.35(3)(d), the Trust argues, and we agree, that we should look to WIS. STAT. § 74.37, which provides property owners with a procedure for

---

[5] As we will explain later, the remedy under WIS. STAT. § 74.39(1) also applies to excessive property tax actions.

challenging an "excessive" property assessment.[6]  A property owner seeking to challenge an excessive assessment "must first file such objection with the clerk of the board of review prior to adjournment of public hearings by the board."[7] *Hermann v. Town of Delavan*, 215 Wis. 2d 370, 379, 572 N.W.2d 855 (1998); *see also* WIS. STAT. §§ 70.47, 70.85(2), 74.37(4)(a).  If the board of review disallows the challenge, the property owner has one of three options.  *See* § 74.37(4)(c); *Nankin*, 245 Wis. 2d 86, ¶3.

¶18    First, the property owner may challenge the board of review's determination through an action for certiorari to a circuit court under WIS. STAT. § 70.47(13).  *Nankin*, 245 Wis. 2d 86, ¶3.  Second, "[a]n objecting taxpayer may file a written complaint with the [DOR] pursuant to WIS. STAT. § 70.85."[8] *Metropolitan Assocs.*, 332 Wis. 2d 85, ¶11 n.8.  Our supreme court has characterized both of these reviews as common law certiorari reviews.  *Nankin*, 245 Wis. 2d 86, ¶¶3, 20 n.8.

---

[6] Contrary to the Town's assertion that WIS. STAT. §§ 74.35 and 74.37 have "just about nothing in common" and that we should not consider § 74.37 in our analysis, we conclude, as we will explain, that the statutes are extremely similar.  Furthermore, a plain meaning analysis of a statute necessarily includes considering "the language of surrounding or closely-related statutes." *Nowell v. City of Wausau*, 2013 WI 88, ¶20, 351 Wis. 2d 1, 838 N.W.2d 852 (citation omitted).  A property owner seeking to challenge a general property tax must either challenge the tax as excessive or unlawful.  Therefore, in this case, the statutes surrounding both types of challenges are closely related and are worthy of consideration in relation to one another.

[7] "In first class cities and certain second class cities, a board of assessors will hear complaints before objections are brought before a board of review." *Nankin v. Village of Shorewood*, 2001 WI 92, ¶17 n.7, 245 Wis. 2d 86, 630 N.W.2d 141; WIS. STAT. §§ 70.47(16); 70.075(1); *see also* WIS. STAT. § 70.46 (defining and outlining boards of review).

[8] A complaint under WIS. STAT. § 70.85 is available only if the assessment does not exceed $1,000,000 and if the property "is radically out of proportion to the general level of assessment of all other property in the district." Sec. 70.85(1).  "Appeal of the determination of the [DOR] shall be by an action for certiorari in the circuit court of the county in which the property is located." Sec. 70.85(4)(c).

¶19    Lastly, if the property owner does not seek review under WIS. STAT. §§ 70.47(13) or 70.85, the property owner may file a "claim for an excessive assessment … against the taxation district … which collected the tax." WIS. STAT. § 74.37(2)(a). "No claim or action for an excessive assessment may be brought or maintained under [§ 74.37] unless the tax for which the claim is filed, or any authorized installment of the tax, is timely paid …." Sec. 74.37(4)(b). If a taxation district disallows a claim filed under § 74.37(2)(a), the property owner "may commence an action in circuit court to recover the amount of the claim not allowed." Sec. 74.37(3)(d). The language used in § 74.37(3)(d) allowing a claimant to commence an action in circuit court is identical to the language used in WIS. STAT. § 74.35(3)(d) allowing the same.

¶20    In *Nankin*, our supreme court stated that a circuit court's review under WIS. STAT. § 74.37(3)(d) of a board of review's decision is de novo.[9] *See Nankin*, 245 Wis. 2d 86, ¶¶24-25; *see also **Metropolitan Assocs.***, 332 Wis. 2d 85, ¶12. According to the court, § 74.37(3)(d) actions proceed "according to state civil procedure and practice," which include affording a claimant the right to a trial. *Nankin*, 245 Wis. 2d 86, ¶¶22, 24. The court elaborated, stating, "[U]nlike certiorari review, § 74.37(3)(d) actions allow property owners to again fully contest their case in a court trial despite having contested it before [a] board of review."

---

[9] The Town argues that our supreme court's decision in *Nankin* is "unreliable precedent" because the court concluded that WIS. STAT. § 74.37(6) was unconstitutional, and that the statute was subsequently repealed by the legislature. The specifics of the constitutional analysis in *Nankin* are largely irrelevant to this appeal. *Nankin* is important because it restated the long-standing principle that a circuit court's review under § 74.37 of a taxation assessment is de novo, unlike the certiorari review provided in WIS. STAT. § 70.47(13). Furthermore, it is a basic tenet of American law that one function of an appellate court is to determine whether a challenged law is unconstitutional. *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 138, 177 (1803); *Gabler v. Crime Victims Rights Bd.*, 2017 WI 67, ¶37, 376 Wis. 2d 147, 897 N.W.2d 384. An appellate court's conclusion in a case that a law is unconstitutional does not result in that case being of no precedential value for doing so. *See, e.g.*, *Brown v. Board of Educ.*, 347 U.S. 483 (1954). We therefore do not find persuasive the Town's argument that *Nankin* is "unreliable precedent."

*Nankin*, 245 Wis. 2d 86, ¶24; *see also* **U.S. Oil Co. v. City of Milwaukee**, 2011 WI App 4, ¶¶14-19, 331 Wis. 2d 407, 794 N.W.2d 904 (2010) (applying *Nankin* to a city's argument that a property owner did not raise an issue prior to the board of review decision); **Walgreen Co. v. City of Madison**, 2008 WI 80, ¶16, 311 Wis. 2d 158, 752 N.W.2d 687 ("We review excessive tax assessment claims brought under [§ 74.37(3)(d)] without regard to determinations made at earlier proceedings. In such cases, we review the circuit court record, not the record from [a board of review]." (citation omitted)).

¶21 There is no material difference between the circuit court review provided in WIS. STAT. § 74.35(3)(d) and the circuit court review provided in WIS. STAT. § 74.37(3)(d).[10] Both statutory provisions state that a property owner "may *commence an action* in circuit court to recover the amount of the claim not allowed." *See* §§ 74.35(3)(d), 74.37(3)(d) (emphasis added). We therefore find *Nankin* persuasive as to the standard of review the circuit court should use on review here.

¶22 We find further support in *Nowell* for our conclusion that the circuit court properly employed a de novo standard of review. In that case, our supreme court determined that a circuit court should employ a statutory certiorari standard of review for its review of a municipality's decision not to renew an alcohol license

---

[10] The Town argues that **Saint John's** held that WIS. STAT. §§ 74.35 and 74.37 are "interpreted independently" of one another. In that case, Saint John's Communities argued that § 74.37 does not "require taxpayers to first pay a tax before filing and that this means … § 74.35 contains no such requirement either." **Saint John's**, 404 Wis. 2d 605, ¶23. We first note that § 74.37 does contain such a requirement. *See* § 74.37(4)(b). Regardless, although the court stated that it did not find § 74.37 persuasive to its analysis in that case, it did not state that § 74.37 could never be used in analyzing the plain meaning of § 74.35. *See* **Saint John's**, 404 Wis. 2d 605, ¶25 (stating that the processes offered for excessive taxes and exempted taxes "are not necessarily the same, so § 74.37 does not change our interpretation of § 74.35 in this case"). In this case, as explained, comparing §§ 74.35 with 74.37 aids in our plain meaning analysis.

under WIS. STAT. § 125.12(2)(d).[11]    *See Nowell*, 351 Wis. 2d 1, ¶3. Section 125.12(3) "gives licensees an opportunity for a hearing if a municipality intends not to renew their license. It further states that 'judicial review shall be as provided in [§ 125.12](2)(d).'" *Nowell*, 351 Wis. 2d 1, ¶22 (citing § 125.12(3)). In relevant part, § 125.12(2)(d) provides:

> The procedure on review shall be the same as in civil actions instituted in the circuit court. The person desiring review shall file pleadings, which shall be served on the municipal governing body in the manner provided in [WIS. STAT.] ch. 801 for service in civil actions and a copy of the pleadings shall be served on the applicant or licensee. The municipal governing body, applicant or licensee shall have 20 days to file an answer to the complaint.… The hearing shall be before the court without a jury. Subpoenas for witnesses may be issued and their attendance compelled.…

*Nowell*, 351 Wis. 2d 1, ¶22 (citing § 125.12(2)(d)).

¶23    The *Nowell* court determined that WIS. STAT. § 125.12(2)(d) "dictates the procedure for judicial review" but it stated that the statute "is silent on which standard of review the circuit court is to employ"—e.g., de novo review or statutory certiorari review. *Nowell*, 351 Wis. 2d 1, ¶25. The court then concluded that "an examination of the procedures required by the statute likewise does not indicate whether a de novo or certiorari review was intended." *Id.*

---

[11] The Town characterizes the supreme court's decision in *Nowell* as creating a "post-*Nankin* method of interpretation regarding a search for the appropriate standard of review." We disagree. Since *Nowell*, the supreme court has restated its holding in *Nankin* that a circuit court's review under WIS. STAT. § 74.37(3)(d) is de novo, thus demonstrating that *Nankin* is still valid precedent and that *Nowell* did not create a new "method of interpretation." *See Sausen v. Town of Black Creek Bd. of Rev.*, 2014 WI 9, ¶4 n.5, 352 Wis. 2d 576, 843 N.W.2d 39 ("Section 74.37 governs a taxpayer's claim in court to recover a general property tax imposed because the assessment of property was excessive. The court proceeding is not a certiorari review; it is a de novo proceeding.").

¶24     Therefore, the court turned to the context in which WIS. STAT. § 125.12(2)(d) is used and concluded that context "suggests that certiorari review is appropriate." *Nowell*, 351 Wis. 2d 1, ¶33. Notably, according to the court, "a municipality's decision to grant or deny a new [liquor] license [under § 125.12(3m)] is unconstrained," whereas a municipality's decision to revoke, suspend, or not renew a license is limited to those reasons enumerated in § 125.12(2)(ag). *Nowell*, 351 Wis. 2d 1, ¶35. Yet, a municipality's decision under § 125.12(2)(ag) and § 125.12(3m) is subject to § 125.12(2)(d). *Nowell*, 351 Wis. 2d 1, ¶¶34-35. As such, if the court determined that § 125.12(2)(d) decisions were subject to de novo review, it would also be "[p]ermitting a circuit court to determine de novo whether a liquor license should be granted," which "would, in essence, improperly transfer that legislative function from the municipality to the court." *Nowell*, 351 Wis. 2d 1, ¶36.

¶25     Furthermore, the court considered the statutes governing liquor licenses in general, which indicated that challenges to liquor license decisions were to be reviewed under certiorari review. For example, the court considered WIS. STAT. § 125.12(5), which "empowers the [DOR] to revoke, suspend, or refuse to renew alcohol permits after a hearing. The statute specifies that such action is a contested case under [WIS. STAT. ch.] 227." *Nowell*, 351 Wis. 2d 1, ¶37.

¶26     The statutory context surrounding WIS. STAT. § 125.12(2)(d) is much different from that surrounding WIS. STAT. § 74.35(3)(d). To begin, unlike challenges to a municipality's decision "granting or failing to grant, suspending or revoking any license, or the failure of any municipal governing body to revoke or suspend any license for good cause"—which are all subject to review under § 125.12(2)(d)—in the property taxation context, the legislature created three avenues for a property owner to challenge an excessive property tax, each with its

own advantages and disadvantages that must be weighed by a property owner. Those avenues being either: an action for certiorari in circuit court under WIS. STAT. § 70.47(13); a complaint to the DOR under WIS. STAT. § 70.85 (subject to certiorari review if appealed to the circuit court); or an action in circuit court under WIS. STAT. § 74.37(3)(d) subject to do novo review. Only the latter of these avenues is present when a property owner seeks to challenge an unlawful tax.

¶27    Under both WIS. STAT. §§ 74.35(3)(d) and 74.37(3)(d), the property owner must pay at least an installment on the challenged tax before seeking review in the circuit court. *See Metropolitan Assocs.*, 332 Wis. 2d 85, ¶10; §§ 74.35(5)(c), 74.37(4)(b). Conversely, a property owner does not need to pay the property tax before filing a certiorari action for an excessive tax under WIS. STAT. § 70.47(13). *See Metropolitan Assocs.*, 332 Wis. 2d 85, ¶10. In addition, an action for certiorari review under § 70.47(13) for an excessive tax receives scheduling preference in the circuit court, while reviews under §§ 74.35(3)(d) and 74.37(3)(d) do not. *See Metropolitan Assocs.*, 332 Wis. 2d 85, ¶¶9-10; *see also* § 70.47(13).

¶28    In other words, the legislature intended to give property owners the option of challenging an excessive tax under certiorari review or de novo review, and each avenue has associated advantages and disadvantages for the property owner. The legislature did not provide the same options to taxpayers seeking to challenge an unlawful tax. The only procedure available for a challenge to an unlawful tax is under WIS. STAT. § 74.35, which provides that the tax must be paid before the challenge and that the action is not given preference in the circuit court. The § 74.35 process is akin to that used by a property owner seeking a de novo review on the challenge of an excessive tax.

14

¶29    In addition, a challenge to unlawful taxes before a board of review is not subject to a substantive initial review, unlike a challenge to an excessive tax under WIS. STAT. § 70.47.  *See Hermann*, 215 Wis. 2d at 379; WIS. STAT. §§ 74.35(2m), 74.37(4)(a).  A board of review "is not an assessing body but rather a quasi-judicial body whose duty it is to hear evidence tending to show errors in the assessment roll and to decide upon the evidence adduced whether the assessor's valuation is correct."  *Nankin*, 245 Wis. 2d 86, ¶18 (citation omitted).  Under an initial challenge to an excessive tax,

> the board must hear upon oath all persons who appear before it in relation to the assessment, and it may compel the attendance of, and examine, any witnesses it believes have knowledge of the property in question.  If from the evidence gathered at the hearing, the board determines that the assessor's valuation is incorrect, the board is required to correct the assessment.  If the board has reason to believe that property for which no objection has been raised is incorrectly assessed, the board must also review the assessment for such property and correct any error it discovers.

*Hermann*, 215 Wis. 2d at 379 (citing § 70.47).

¶30    There is no such requirement for substantive review of allegedly unlawful taxes by a board of review.  *Id.* at 391-92.  In fact, a taxation district may disallow a claim under WIS. STAT. § 74.35 by "fail[ing] to take final action on the claim," which is what the Town did in this case.  *See* § 74.35(3)(a).  Therefore, a circuit court reviewing a challenge to an unlawful tax under § 74.35(3)(d) may have

a limited record before it, resulting in the need for additional evidence to be presented at the circuit court.[12]

¶31    We find further support for applying de novo review to WIS. STAT. § 74.35(3)(d) in the statutory history.[13]    Prior to 1987, WIS. STAT. § 74.73 (1985-86), titled "Recovery of unlawful taxes and overassessments," "generally governed property tax refund claims." *See Hermann*, 215 Wis. 2d at 391 n.16. The statute provided that "[a]ny person aggrieved by the levy and collection of any unlawful tax assessed against him [or her] may file a claim therefor against the

---

[12] It appears that a property owner will benefit from providing the taxation district with all of the information necessary on the proper form, *see* WIS. STAT. § 70.11, or in the owner's claim under WIS. STAT. § 74.35(2), in order for the taxation district to make an informed decision regarding the type of property and whether any exemptions apply under § 70.11.  Providing the information up front will limit the amount of time and resources the property owner will later need to put forth in a challenge to the taxation district's decision under § 74.35.  However, one reason why a taxpayer may not proffer all evidence to a taxation district from the beginning has been previously explained in a similar context.

> When a taxpayer appears before a board of review [pursuant to WIS. STAT. § 70.47], the taxpayer should proffer all the evidence available because he [or she] will ordinarily be limited to that evidence on certiorari review. *If the taxpayer is able to gather additional evidence after the board of review—often with the assistance of an attorney—he [or she] should seek de novo review under WIS. STAT. § 74.37.*  De novo review will not shift the burden of proof from the taxpayer to the board, but it will permit the taxpayer to buttress his [or her] case with more and different evidence challenging the correctness of the board's decision, which is normally based on the assessor's determination.

*Sausen*, 352 Wis. 2d 576, ¶52 (Prosser, J., concurring) (emphasis added).

[13] The Town argues that the Trust and the circuit court engaged in a legislative history analysis despite the statute lacking ambiguity.  While it is true that the circuit court used the term "[l]egislative history" in its analysis, it is clear from the decision that the court was actually analyzing the statutory history by comparing previous versions of the statute with the current version.  "Statutory history, which 'encompasses the previously enacted and repealed provisions of a statute,' 'is part of a plain meaning analysis.'" *Fabick v. Evers*, 2021 WI 28, ¶30 n.12, 396 Wis. 2d 231, 956 N.W.2d 856 (citing *Richards v. Badger Mut. Ins. Co.*, 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581).  Regardless of the Town's arguments, we review statutory interpretation de novo without deference to a circuit court. *See Nowell*, 351 Wis. 2d 1, ¶19.

town … in the manner prescribed by law for filing claims in other cases." Sec. 74.73(1r) (1985-86). The statute provided that if that claim was denied, "the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected." *Id.* The statute further provided that property owners could file an action "based upon an allegedly excessive assessment" if the property owner's property was in a county "with a population of under 500,000" and did not adopt "a county assessor system." Sec. 74.73(4) (1985-86).

¶32 Prior to 1987, WIS. STAT. § 70.47 (1985-86), still required property owners seeking to challenge an excessive tax to file an objection with the board of review. *See Pelican Amusement Co. v. Town of Pelican*, 13 Wis. 2d 585, 594, 109 N.W.2d 82 (1961) ("We hold that in cases of illegal taxes based upon [WIS. STAT. § 74.73(4) (1959-60)] involving an allegedly excessive assessment, that such assessment must first come before the board of review as provided in [§ 70.47(7)(a) (1959-60)]."). In addition, § 70.47(13) (1985-86), still provided property owners with the option to file an action in the circuit court for certiorari review of the board of review's decision regarding an excessive tax. Notably, however, there was no option under § 74.73(1r) (1985-86) for a property owner to challenge an unlawful tax under a certiorari review. *See Pelican Amusement Co.*, 13 Wis. 2d at 594 ("In cases of illegal taxes not involving the amount or valuation of the property or excessive assessment, it is not necessary to comply with [§ 70.47 (1959-60)] because such section is inapplicable and is restricted to questions of amount and valuation of property.").

¶33 "In 1987, the legislature divided former [WIS. STAT.] § 74.73 [(1985-86)] into two distinct provisions: WIS. STAT. § 74.35 [(1987-88)] governing 'unlawful taxes' … and WIS. STAT. § 74.37 [(1987-88)] governing excessive

17

assessments." *Hermann*, 215 Wis. 2d at 391 n.16 (citing 1987 Wis. Act 378, § 75). The population requirement remained with the excessive taxation statute until the *Nankin* court held that the provision was unconstitutional.

¶34 The fact that WIS. STAT. §§ 74.35(3)(d) and 74.37(3)(d) were once part of the same statute and that both now use the same language regarding initiating an action in the circuit court demonstrates the legislature's intention that both statutes be interpreted to provide for the same standard of review. Furthermore, it is relevant that unlawful tax challenges were never subject to certiorari review. Similarly, the population provision that remained with the excessive tax challenge statute until *Nankin* indicates that the legislature was concerned with the increased case load that it perceived would occur if excessive taxes could be challenged in larger counties under de novo review. *See Nankin*, 245 Wis. 2d 86, ¶¶37-38 (discussing why this explanation did not withstand a constitutional challenge). As such, a circuit court's review of a taxation district's unlawful tax decision or a board of review's excessive tax decision (under either WIS. STAT. § 74.73 (1985-86) or §§ 74.35 or 74.37) was always intended to be a de novo review.

¶35 Citing *Nowell*, the Town argues that this "court should also be concerned that allowing de novo review of the [Town's] exemption decision acts to improperly transfer legislative function from the municipality to the court." "Public policy is not a panacea for perceived shortcomings in legislative determinations," and Wisconsin courts "avoid using public policy to contradict a statute's plain text." *Masri v. LIRC*, 2014 WI 81, ¶¶51, 55, 356 Wis. 2d 405, 850 N.W.2d 298. Purportedly bad public policy choices can be redressed by the legislature, not the courts. *See id.* *Nowell* applied public policy considerations because "neither the plain language of WIS. STAT. § 125.12(2)(d) nor its context [was] dispositive on whether certiorari or de novo review [was] required." *See Nowell*, 351 Wis. 2d 1,

¶38. However, as we have explained, the plain language of WIS. STAT. § 74.35(3)(d) and the context in which it is used are dispositive and demonstrate that de novo review is applicable.

¶36 We further note that unlike the liquor license issue addressed in *Nowell*—which is essentially a local, discretionary issue—taxation is a state issue, and the legislature has clearly stated when a property is exempt from taxation. *See* WIS. STAT. § 70.11. ***Nowell*** characterized the regulation of alcohol as "part of the police power granted to the city council under WIS. STAT. § 62.11(5)." ***Nowell***, 351 Wis. 2d 1, ¶45. "A municipality's exercise of its police power has traditionally been accorded deference by reviewing courts." ***Id.***, ¶46. Furthermore, the legislature has expressly provided that "[a]ny municipality may enact regulations incorporating any part of" WIS. STAT. ch. 125—pertaining to alcoholic beverages— and "may prescribe additional regulations for the sale of alcohol beverages, not in conflict with [ch. 125]." WIS. STAT. § 125.10(1).

¶37 In contrast, municipalities have a much more limited control of property taxes, despite a "tax levy" being listed as a police power. *See* WIS. STAT. § 62.11(5). Cities and towns "have no inherent power to tax" and "may only enact the types of taxes authorized by the legislature." ***Wisconsin Prop. Taxpayers, Inc. v. Town of Buchanan***, 2023 WI 58, ¶11, 408 Wis. 2d 287, 992 N.W.2d 100 (citation omitted). Given the different entities exercising their powers and the different policy objectives between liquor licensing and property taxation, we do not find the Town's reliance on its public policy argument persuasive.

¶38 Lastly, the Town cites to our supreme court's recent decision in ***Saint John's***, which the Town argues demonstrated that WIS. STAT. § 74.35 "must be strictly followed in order to commence a court action." In ***Saint John's***,

Milwaukee's city assessor notified Saint John's Communities ("Saint John's") that the city no longer considered its property tax exempt. *Saint John's*, 404 Wis. 2d 605, ¶5. Milwaukee levied a tax on Saint John's property on November 27, 2019, and issued the 2019 property tax bill to Saint John's on December 5, 2019. *Id.*, ¶6. Saint John's filed a claim the same day that it received the tax bill—December 5, 2019. *Id.* Milwaukee disallowed Saint John's claim on January 21, 2020, because Saint John's did not pay the challenged tax prior to filing its claim. *Id.*, ¶7. On January 22, 2020, Saint John's paid the first installment of its 2019 property tax bill for the property and filed an action under § 74.35(3)(d). *Saint John's*, 404 Wis. 2d 605, ¶¶7-8.

¶39 The supreme court concluded that WIS. STAT. § 74.35(2)(a) required a claim to be filed with the taxation district after the taxpayer paid the challenged tax. *Saint John's*, 404 Wis. 2d 605, ¶¶15, 19. Therefore, the court concluded that Milwaukee properly declined Saint John's property taxation claim. *Id.*, ¶30.

¶40 It is unclear precisely what the Town is arguing in relation to *Saint John's*. We interpret the Town's argument to be again tied to its assertion that a circuit court review under WIS. STAT. § 74.35(3)(d) be done under certiorari review. Specifically, the Town appears to argue that the Trust submitted information to the circuit court not provided to the Town before the § 74.35(3)(d) action, and it therefore failed to follow the strictly prescribed statutory requirements. However, as we have already concluded, a circuit court's review of a taxation district's decision pursuant to § 74.35(3)(d) is de novo. Nothing in the *Saint John's* decision changes this conclusion.

¶41 In all, our supreme court stated in *Nankin* that actions in the circuit court under WIS. STAT. § 74.37(3)(d) are subject to de novo review. *Nankin*, 245

20

Wis. 2d 86, ¶24. Actions governing challenges to unlawful taxes are governed by the same language used in § 74.37(3)(d)—a property owner "may commence an action in circuit court to recover the amount of the claim not allowed." *See* WIS. STAT. § 74.35(3)(d). Furthermore, the legislature did not provide other avenues for challenging an unlawful tax, unlike the different avenues provided for in challenging an excessive tax that are dictated by certiorari review. This difference indicates that the legislature intended § 74.35(3)(d) actions to be subject to de novo review like § 74.37(3)(d) actions. The legislative history of §§ 74.35 and 74.37 similarly supports a conclusion that a challenge to an unlawful tax is governed by de novo review. It is clear, therefore, that the language in § 74.35(3)(d) must mean the same thing that it does in § 74.37(3)(d). *See Fabick v. Evers*, 2021 WI 28, ¶30 n.12, 396 Wis. 2d 231, 956 N.W.2d 856. Therefore, the circuit court here properly conducted a de novo review of the tax district's decision to deny the Trust's claim under § 74.35(3)(d), and we affirm.

*By the Court.*—Judgment and order affirmed.